1  Tyler R. Andrews (SBN CA 250686)
   J. Andrew Schaffer (SBN CA 320905)
2  GREENBERG TRAURIG, LLP
   18565 Jamboree Road, Suite 500
3  Irvine, California 92612
   Telephone: 949.732.6500
4  Facsimile: 949.732.6501
   Tyler.Andrews@gtlaw.com
5  Drew.Schaffer@gtlaw.com

6

7  Attorneys for Defendants SIX CONTINENTS HOTELS,
   INC.; and HOLIDAY INN CLUB VACATIONS
8  INCORPORATED

9

10              **UNITED STATES DISTRICT COURT**

11         **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

12

13 | DAVID KAUFFMAN, individually and on behalf of others similarly situated, | CASE NO.  3:25-cv-00424-JLS-DDL |

14

Plaintiff,

Assigned to the Honorable Janis L. Sammartino

15

v.

16

SIX CONTINENTS HOTELS, INC.; HOLIDAY INN CLUB VACATIONS INCORPORATED,

**DEFENDANTS SIX CONTINENTS HOTELS, INC. AND HOLIDAY INN CLUB VACATIONS INCORPORATED'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION, OR, ALTERNATIVELY, MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, ALTERNATIVELY, TO STRIKE CLASS ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES**

17

18

Defendants.

19

20

21

22

Hearing Date: May 29, 2025
Hearing Time: 1:30 p.m.
Hearing Location: 330 W. Broadway, San Diego, CA 92101

23

24

25

Action Filed: February 26, 2025

26

27

28

**TO THE COURT AND PLAINTIFF:**

**PLEASE TAKE NOTICE THAT** on May 29, 2025 at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Janis L. Sammartino, in Courtroom 4D of the United States District Court, Southern District of California, located at 221 West Broadway, San Diego, California 92101, Defendants Six Continents Hotels, Inc. ("Six Continents") and Holiday Inn Club Vacations Incorporated ("Holiday Inn Club Vacations") (collectively, "Defendants") will and hereby do move the Court for an order compelling Plaintiff David Kaufmann ("Plaintiff") to individual arbitration pursuant to the IHG One Rewards Membership Terms and Conditions (Exhibit 1, §9) (the "Terms"). In the alternative, Defendants move the Court for an order dismissing, with prejudice, the Complaint [ECF 1] pursuant to Federal Rules of Civil Procedure ("FRCP" or "Rule") 12(b)(2) and 12(b)(6).

Plaintiff alleges causes of action under the California Invasion of Privacy Act, California Penal Code § 630, et seq. ("CIPA") against Defendants on behalf of himself and a putative class of California individuals who allegedly were subject to calls from Defendants conducting a survey regarding Defendants' services (ECF 1, ¶¶ 18-21). Plaintiff should be compelled to individual arbitration pursuant to Six Continents' Terms which govern Plaintiff's participation in the IHG One Rewards Program. When Plaintiff signed up for the IHG One Rewards Program, he accepted the Terms, which contain a mandatory arbitration provision and a class action waiver.

Even if the Court finds the arbitration provision unenforceable, the Court should dismiss the Complaint pursuant to Rule 12(b)(2) because Plaintiff's allegations fail to establish the Court's general or specific personal jurisdiction over Defendants. Alternatively, the Court should dismiss pursuant to Rule 12(b)(6) Plaintiff's complaint for failure to state a claim under the CIPA for the independent reason that Plaintiff was *explicitly told on the call, prior to any substantive information being collected or shared, that it was being recorded*. Separately, Plaintiff fails to allege any actual damages resulting from the alleged breach of the CIPA. Finally, the Court should dismiss Plaintiff's claim for

injunctive relief as Plaintiff lacks standing to bring such claims. In the alternative, Defendants move to strike Plaintiff's class allegations pursuant to Rule 12(f) as Plaintiff's putative class definition is fail-safe and lacks commonality.

WHEREFORE Defendants respectfully request that this Court compel Plaintiff to individual arbitration. Alternatively, the Court should dismiss the claims asserted against Defendants in Plaintiff's Complaint with prejudice or, in the alternative, strike the Complaint's class allegations pursuant to Rule 12(f) and, in either case, grant such other relief that this Court deems just and proper.

DATED:  April 21, 2025                     GREENBERG TRAURIG, LLP


By */s/ J. Andrew Schaffer*
    Tyler R. Andrews
    J. Andrew Schaffer
    Attorneys for Defendants SIX CONTINENTS
    HOTELS, INC.; and HOLIDAY INN CLUB
    VACATIONS INCORPORATED

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................ 11

II.   BACKGROUND ................................................................................ 12

    A.    The Terms & Conditions.................................................................. 12

        1.    The Arbitration Provision & Class Action Waiver............................. 13

    B.    Plaintiff Was Informed of the Recording............................................. 14

III.  LEGAL STANDARDS FOR MOTION TO DISMISS ......................................... 15

    A.    Standard to Compel Arbitration ....................................................... 15

    B.    Standard Under 12(b)(2) ............................................................... 16

    C.    Standard Under 12(b)(6) ............................................................... 17

    D.    Motion to Strike Class Allegations .................................................. 17

IV.   LEGAL ARGUMENT ......................................................................... 18

    A.    Plaintiff Entered Into A Valid Agreement To Arbitrate His Claims Individually .................................................................... 18

    B.    The Court Lacks Personal Jurisdiction Over Defendants ......................... 19

        1.    General Jurisdiction Does Not Apply to Defendants ......................... 20

        2.    Specific Jurisdiction Does Not Apply to Defendants ......................... 20

    C.    Plaintiff Fails to State A Viable Claim And Dismissal Is Proper ................ 22

        1.    Plaintiff Failed To Plead Any Concrete Damages And Therefore Lacks Standing ........................................................................ 23

    D.    Plaintiff's Class Claims Must Be Stricken as They Are Fail-Safe And Lack Commonality .................................................................... 23

        1.    The Class Definition is Fail-Safe.................................................. 24

        2.    The Purported Class Lacks Commonality ....................................... 25

    E.    Plaintiff's Class Claims Must Be Dismissed as The Claims Are Subject to an Arbitration Provision with a Class Action Waiver ........................ 25

V.    PLAINTIFF IS NOT ENTITLED TO RELIEF IN EQUITY ................................. 26

A.    Plaintiff Lacks Standing to Seek Injunctive Relief.......................................... 26

B.    Plaintiff Cannot Pursue Equitable Relief Because He Has an Adequate

        Remedy At Law............................................................................................. 27

VI.    CONCLUSION..................................................................................................... 28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashbey v. Archstone Prop. Mgmt., Inc.*,
  785 F.3d 1320 (9th Cir. 2015) ...................................................................... 15

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................................... 17

*AT&T Mobility LLC v. Concepcion*,
  563 U.S. 333 (2011) ...................................................................................... 15

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
  874 F.3d 1064 (9th Cir. 2017) ...................................................................... 22

*Ballard v. Savage*,
  65 F.3d 1495 (9th Cir. 1995) ........................................................................ 16

*Barnes v. Marriott Hotel Servs.*,
  Case No. 15-cv-01409-HRL, 2017 WL 635474 (N.D. Cal. Feb. 16, 2017) ............... 11

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...................................................................................... 17

*Benavidez v. Cnty. of San Diego*,
  993 F.3d 1134 (9th Cir. 2021) ...................................................................... 17

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*,
  137 S. Ct. 1773 (2017) .................................................................................. 20

*Burger King v. Rudkewicz*,
  471 U.S. 462 (1985) ...................................................................................... 16

*Calder v. Jones*,
  465 U.S. 783 (1984) ...................................................................................... 21

*Caruth v. Int'l Psychoanalytical Ass'n*,
  59 F.3d 126 (9th Cir. 1995)(holding modified by *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006)) ................... 16

*Cheatham v. ADT Corp.*,
    161 F. Supp. 3d 815 (D. Ariz. 2016) ................................................................................ 17

*City of L.A. v. Lyons*,
    461 U.S. 95 (1983) ........................................................................................................... 26

*Cox v. Ocean View Hotel Corp.*,
    533 F.3d 1114 (9th Cir. 2008) .......................................................................................... 15

*Daimler AG v. Bauman*,
    134 S. Ct. 746 (2014) ....................................................................................................... 20

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*,
    557 F.2d 1280 (9th Cir. 1977) .......................................................................................... 16

*Davidson v. Kimberly-Clark Corp.*,
    889 F.3d 956 (9th Cir. 2018) ............................................................................................ 26

*Davis v. Wells Fargo Advisors LLC*,
    No. CV-13-01963-PHX-NVW, 2014 WL 1370278 (D. Ariz. Apr. 8, 2014) ................... 18

*Dole Foods Co. Inc. v. Watts*,
    303 F.3d 1104 (9th Cir. 2002) .......................................................................................... 21

*Epic Sys. Corp. v. Lewis*,
    138 S. Ct. 1612 (2018) ..................................................................................................... 15

*Ferguson v. Corinthian Colls., Inc.*,
    733 F.3d 928 (9th Cir. 2013) ............................................................................................ 15

*In re Gilead Scis. Secs. Litig.*,
    536 F.3d 1049 (9th Cir. 2008) .......................................................................................... 17

*Graham v. Noom, Inc.*,
    533 F.Supp.3d 823 (N.D. Cal. 2021) ............................................................................... 21

*Guthrie v. Transamerica Life Ins. Co.*,
    561 F. Supp. 3d 869 (N.D. Cal. 2021) ............................................................................. 27

*Hawyuan Yu v. Dr. Pepper Snapple Grp., Inc.*,
    2020 WL 5910071 (N.D. Cal. Oct. 6, 2020) .................................................................... 27

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945) ......................................................................................................... 19

DEFENDANTS' MOTION TO COMPEL ARBITRATION OR TO DISMISS COMPLAINT

*Kamar v. RadioShack Corp.*,
   375 F. App'x 734 (9th Cir. 2010) ................................................................. 24

*Ketayi v. Health Enrollment Grp.*,
   516 F. Supp. 3d 1092 (S.D. Cal. 2021) ....................................................... 27

*Larson v. TransUnion, LLC*,
   201 F.Supp.3d 1103 (2016) ........................................................................ 23

*Mantolete v. Bolger*,
   767 F.2d 1416 (9th Cir. 1985) .................................................................... 18

*Mazza v. Am. Honda Motor Co.*,
   666 F.3d 581 (9th Cir. 2012) ...................................................................... 25

*Pebble Beach Co. v. Caddy*,
   453 F.3d 1151 (9th Cir. 2006) .................................................................... 21

*Poll v. Stryker Sustainability Sols., Inc.*,
   No. CIV 13-440-TUC-CKJ, 2014 WL 199150 (D. Ariz. Jan. 17, 2014) ...... 11

*Rep. of Nicaragua v. Std. Fruit Co.*,
   937 F.2d 469 (9th Cir. 1991) ...................................................................... 15

*Sanders v. Apple Inc.*,
   672 F. Supp. 2d 978 (N.D. Cal. 2009) ........................................................ 17

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ............................................................ 16, 19, 20, 21

*Siles v. ILGWU Nat'l Ret. Fund*,
   783 F.2d 923 (9th Cir. 1986) ...................................................................... 18

*Sinatro v. Barilla Am., Inc.*,
   – F. Supp. 3d –, 2022 WL 10128276 (N.D. Cal. Oct. 17, 2022) ................ 27

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) ...................................................................... 27

*Spokeo, Inc. v. Robins*,
   578 U.S. 330 (2016) .................................................................................... 23

*Ticketmaster L.L.C. v. Prestige Ent. W., Inc.*,
   315 F. Supp. 3d 1147 (C.D. Cal. 2018) ...................................................... 17

CASE NO.  3:25-cv-00424-JLS-DDL
DEFENDANTS' MOTION TO COMPEL ARBITRATION OR TO DISMISS COMPLAINT

*Tomaszeswki v. Circle K Stores, Inc.*,
    2021 WL 2661190 (D. Ariz. Jan 12, 2021) ................................................. 25

*TransUnion v. Ramirez*,
    594 U.S. 413 (2021) .......................................................................... 23

*Vitiosus v. Alani Nutrition, LLC*,
    2022 WL 2441303 (S.D. Cal. July 5, 2022) ........................................ 27

*Williams v. Yamaha Motor Co.*,
    851 F.3d 1015 (9th Cir. 2017) .......................................................... 20

*Yeager v. Airbus Group SE*,
    2021 WL 750836 (C.D. Cal. Jan. 26, 2021) ..................................... 21

**Statutes**

9 U.S.C. § 2 ............................................................................................. 15

California Penal Code § 632.7(a) ............................................................ 15

California Penal Code § 637.2(b) ............................................................ 26

CIPA ................................................................................................ *passim*

Privacy Act ............................................................................................. 11

Privacy Act ............................................................................................. 22

Privacy Act, California Penal Code § 630, et seq. .................................... 2

**Other Authorities**

Fed. R. Civ. P. 12(b)(2) ..................................................................... 2, 16

Fed. R. Civ. P. 12(b)(6) ..................................................................... 2, 22

Fed. R. Civ. P. 12(f) ........................................................................... 3, 17

Fed. R. Civ. P.  23 .................................................................................... 17, 18

Fed. R. Civ. P. 23(a) ...................................................................................... 17

Fed. R. Civ. P. 23(a)(2) .................................................................................. 25

Fed. R. Civ. P. 23(b) ...................................................................................... 17

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This is one of many class action lawsuits filed by serial litigant David Kauffman ("Plaintiff"), with most of those lawsuits filed in this same jurisdiction and alleging substantially similar causes of action against various unsuspecting defendants – most have failed. Here, Defendant Holiday Inn Club Vacations Incorporated ("HICV") utilizes the services of a third-party vendor to conduct follow-up surveys of IHG One Rewards members after stays at IHG branded properties around the United States.  As told to recipients of these calls, they may be recorded for quality assurance. Plaintiff has alleged that when Defendants contacted him, they failed to announce at the outset of the call that they were recording the call and, therefore, he alleges that he felt "deceived." On that basis, Plaintiff brings this action asserting claims under the California Invasion of Privacy Act ("CIPA").

Plaintiff's Complaint is improperly before this Court. As part of Plaintiff's participation in the IHG One Rewards Program, he was required to, and did, agree to the Terms, which include a mandatory arbitration provision and class action waiver (the "Arbitration Provision"). [1] As such, Plaintiff affirmatively waived his right to bring this matter before this Court, both individually and as a class representative.

Should the Court find the Arbitration Provision unenforceable, Plaintiff's complaint suffers from multiple defects and should be dismissed with prejudice. First, Plaintiff fails to plead that Defendants purposefully directed their activities towards California, or that his

---

[1] The Court may take judicial notice of Defendants' Membership Terms and Conditions, copies of which are attached to the Declaration of Mark Shepherd ("Shepherd Decl."), ¶ 2, which was submitted with Defendants' Motion to Compel Arbitration or, Alternatively, Dismiss or, Alternatively, to Strike Class Allegations in the Complaint, as Exhibit A.  *See Poll v. Stryker Sustainability Sols., Inc.*, No. CIV 13-440-TUC-CKJ, 2014 WL 199150, at *2 (D. Ariz. Jan. 17, 2014) (holding that judicial notice of websites is permitted when the "authenticity of a website or the accuracy of the information on the website is not disputed"); *see also Barnes v. Marriott Hotel Servs.*, Case No. 15-cv-01409-HRL, 2017 WL 635474 (N.D. Cal. Feb. 16, 2017) (taking judicial notice of several pages of Marriott's website describing the accessibility features of the Hotel and of specific accessible room types where Marriott did not dispute the information on its own website and the information was not subject to reasonable dispute). Here, Plaintiff even cited to the website in his Complaint, which is further evidence that the authenticity of the website is not disputed.

claims arise out of and relate to Defendants' California-related activities. Second, Plaintiff fails to state a viable claim, as Plaintiff _was specifically informed on the call that it was being recorded prior to any substantive discussion_. Third, Plaintiff fails to allege any concrete damages, and therefore his claims should be dismissed pursuant to relevant caselaw. Alternatively, Plaintiff's allegations should be stricken because the class as pleaded is both fail-safe because it turns on the issue of consent and lacks commonality. Finally, to the extent Plaintiff's claims survive, Plaintiff's request for injunctive relief should be dismissed.

## II.    BACKGROUND

### A.    The Terms & Conditions

As Plaintiff pleads in his Complaint, Six Continents Hotels, Inc. ("Six Continents") is responsible for administering the IHG One Rewards Program. Holiday Inn Club Vacations is a brand administered by Holiday Inn Club Vacations Incorporated, that participates in the program. Plaintiff pleads that he joined the "IHG Rewards" program in 2021. (Complaint, ¶ 18). Upon joining the program, Plaintiff had to "accept the IHG One



DEFENDANTS' MOTION TO COMPEL ARBITRATION OR TO DISMISS COMPLAINT

Rewards Membership <u>Terms and conditions</u>" and "read and accept the <u>Privacy statement.</u>" See here at bottom center[2]. Plaintiff accepted the Terms online on July 7, 2021 at the IHG website when he created his IHG One Rewards account. (Shepherd Decl., ¶ 4.)

### 1.     The Arbitration Provision & Class Action Waiver

Plaintiff agreed to the Arbitration Provision and Class Action Waiver, which is set forth clearly in the Terms in Sections 9 and 11 respectively. Sections 9 and 11 (as they existed on the date Plaintiff agreed to the terms) state:

> 9. **Arbitration:** Except with respect to any claim or dispute involving the ownership, validity, or use of any SCH trademarks or service marks, any dispute arising out of or related to the Program Terms (including any claim that the Program Terms are invalid, illegal, or otherwise voidable or void), seeking as relief money damages or Points and/or attorneys' fees or other damages will be submitted for arbitration to the American Arbitration Association (AAA). SCH shall have the right in a proper case to obtain temporary restraining orders, temporary or preliminary injunctive relief, and/or declaratory relief (other than declarations with respect to the amount of money damages) from a court of competent jurisdiction.

> The arbitration proceedings shall be heard by one independent arbitrator who shall be an attorney or retired judge. The arbitration shall be held in Atlanta, Georgia and in accordance with the then-existing Commercial Arbitration Rules of the AAA. All matters within the scope of the Federal Arbitration Act (9 U.S.C. 1, et seq.) will be governed by it and not by any state arbitration law. You and SCH waive any rights to maintain other available resolution processes for such disputes, such as a court action or administrative proceeding, to settle disputes. You and SCH waive any right to a jury trial for such disputes. The rules in arbitration are different from the rules that apply in court. There is no judge or jury, and review is limited, but an arbitrator can award the same damages and relief,

---

[2] See: https://www.ihg.com/rewardsclub/us/en/enrollment/join?msockid=1d3eadf01e9269680515b84c1f16687b – the website Plaintiff includes in his Complaint. *See* Complaint, p. 4 at FN1.

and must honor the same limitations stated in the terms and conditions, as a court would.

In reaching his or her decision, the arbitrator shall follow the Program Terms, shall be bound to apply the applicable law, and shall not rule inconsistently with the applicable law. The arbitration shall be conducted on an individual basis, and not as a consolidated, common, representative, group or class action. The arbitrator shall include in his or her award any relief he or she deems proper in terms of money damages (with interest on unpaid amounts from the date due at the maximum rate allowed by law), and attorneys' fees and costs. The award of the arbitrator shall be conclusive and binding upon all parties to the proceeding, and judgment upon the award may be entered in any court of competent jurisdiction.

Other than as may be required by law, the entire arbitration proceedings (including, but not limited to, any rulings, decisions, or orders of the arbitrator) shall remain confidential and shall not be disclosed to anyone other than the parties to proceeding.

…

**11. Class Action Waiver:** You agree that you will not file a class action against SCH, participate in a class action against SCH, file or seek a class arbitration against SCH, or participate in a class arbitration against SCH, for any claim or action arising out of the Program or the Program Terms.

Terms, at §§ 9, 11.

As an IHG One Rewards member, Plaintiff was and remains bound by the Terms requiring him to arbitrate any claims arising out of or related to the IHG One Rewards program. Therefore, pursuant to the Arbitration Provision that Plaintiff agreed to, Plaintiff has improperly brought his claims before this Court, and the Court must compel Plaintiff's claims to individual arbitration and dismiss the instant action.

## B.   Plaintiff Was Informed of the Recording

Plaintiff was specifically informed on the call that the call was being recorded. (Complaint, ¶ 22.) Despite this knowledge, this serial litigant was undeterred from filing his

1   copycat complaint to try and pin liability on Defendants in a jurisdiction where many
2   previous attempts have fallen flat. Finally, Plaintiff fails to allege any concrete damages.
3   Instead, Plaintiff states only that California Penal Code § 632.7(a) permits Plaintiff to bring
4   his action and provides for statutory damages of $5,000 for each violation. Complaint ¶ 29.
5   Plaintiff seeks _only_ statutory damages under California Penal Code § 632.7(a) for less than
6   one minute of allegedly unconsented recording but fails to state any concrete damages
7   suffered outside of the statutory scheme.  Therefore, Plaintiff's claims should be dismissed
8   with prejudice.

9   ## III.   LEGAL STANDARDS FOR MOTION TO DISMISS

10          ### A.    Standard to Compel Arbitration

11          The FAA, which applies here, provides that an agreement to arbitrate "shall be valid,
12   irrevocable, and enforceable save upon such grounds as exist at law or in equity for the
13   revocation of any contract." 9 U.S.C. § 2. The Supreme Court has held that the FAA
14   established "a liberal federal policy favoring arbitration agreements" and that courts must
15   "rigorously" enforce them "according to their terms." *Epic Sys. Corp. v. Lewis*, 138 S. Ct.
16   1612, 1621 (2018) (citation omitted); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333,
17   339 (2011) (similar). Accordingly, this Court must determine only "(1) whether a valid
18   agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the
19   dispute at issue." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008);
20   *Ashbey v. Archstone Prop. Mgmt.*, *Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015) (same). If "both
21   conditions are met, then the court must enforce the arbitration agreement as written". *Smith*,
22   601 U.S. ____ (S. Ct. May 16, 2024) at *6 (same).

23          Notably, "'any doubts concerning the scope of arbitrable issues should be resolved
24   in favor of arbitration.'" *Ferguson v. Corinthian Colls., Inc*., 733 F.3d 928, 938 (9th Cir.
25   2013). In the Ninth Circuit, "the most minimal indication of the parties' intent to arbitrate
26   must be given full effect." *Rep. of Nicaragua v. Std. Fruit Co.*, 937 F.2d 469, 478 (9th Cir.
27   1991). As such, the "party resisting arbitration bears the burden of proving that the claims
28   at issue are unsuitable for arbitration." *Green Tree*, 531 U.S. at 91 (emphasis added).

Necessarily, here, that burden will rest with Plaintiff.

In this case, Plaintiff agreed to a broad arbitration provision. Specifically, the Arbitration Provision applies to "any dispute arising out of or related to the Program or the Program Terms and Conditions." And Plaintiff pleads in his Complaint that the call precipitated from his participation in the IHG One Rewards Program (Complaint, ¶¶ 18-21), which included "Holiday Inn Club Vacations Incorporated [as] a brand participating in the IHG Rewards Program." (Complaint ¶ 19.) As such, the unambiguous language of the Complaint and the Arbitration Provision dictate that Plaintiff must be compelled to arbitrate his claims against Defendants on an individual basis.

## B.    Standard Under 12(b)(2)

When a defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(2), the plaintiff has the burden of establishing personal jurisdiction. When the motion is based on pleadings and affidavits instead of an evidentiary hearing, the plaintiff must make a prima facie showing that the court has personal jurisdiction. *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995)(holding modified by *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme,* 433 F.3d 1199 (9th Cir. 2006)). To establish a prima facie showing, the plaintiff must show some evidentiary basis supporting the complaint's allegations of jurisdiction. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). A plaintiff cannot "simply rest on the bare allegations in its complaint." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). However, "uncontroverted allegations in the complaint must be taken as true" and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Id.*; *see also Data Disc, Inc. v. Sys. Tech. Assocs., Inc.,* 557 F.2d 1280, 1284 (9th Cir. 1977) (noting that courts "may not assume the truth of allegations in a pleading which are contradicted by affidavit.") If the plaintiff establishes a prima facie case, the burden shifts to the defendant to show that jurisdiction is unreasonable. *Burger King v. Rudkewicz*, 471 U.S. 462, 477-78 (1985).

### C.    Standard Under 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action . . . do not suffice." *Id.* Nor do conclusory statements that "merely track[] the language of the statute[s] [themselves], without providing facts to substantiate the claimed legal conclusions." *Ticketmaster L.L.C. v. Prestige Ent. W., Inc.*, 315 F. Supp. 3d 1147, 1175 (C.D. Cal. 2018); accord *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1145 (9th Cir. 2021). Rather, the factual content alleged "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In deciding a motion to dismiss, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit," or "that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

### D.    Motion to Strike Class Allegations

A court "may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Rule 12(f) requires the Court to accept the non-moving party's well-pleaded facts as true and to draw all reasonable inferences in favor of that party." *Cheatham v. ADT Corp.*, 161 F. Supp. 3d 815, 834 (D. Ariz. 2016) (citing *Farm Credit Bank of Spokane v. Parsons*, 758 F. Supp. 1368, 1371 n.4 (D. Mont. 1990)). "Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike the class allegations prior to discovery." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009); *see also Cheatham*, 161 F. Supp. 3d at 834 (stating class allegations may be stricken when "it is clear from the face of the complaint that no class can be certified").

To maintain a class action, a plaintiff must satisfy the requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy of representation—and at least one

1  subsection of Rule 23(b).  Implied in Rule 23 is the requirement that, in order for a class to

2  be certified, the class must be ascertainable.  *Davis v. Wells Fargo Advisors LLC*, No. CV-

3  13-01963-PHX-NVW, 2014 WL 1370278 (D. Ariz. Apr. 8, 2014).   Plaintiff bears the

4  burden of advancing a *prima facie* showing that the class action requirements in Rule 23

5  are satisfied or that discovery is likely to produce substantiation of the class allegations.

6  *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985).   Conclusory allegations and

7  speculation are insufficient to meet this burden.  *Siles v. ILGWU Nat'l Ret. Fund*, 783 F.2d

8  923, 930 (9th Cir. 1986).

9  **IV.   LEGAL ARGUMENT**

10          **A.     Plaintiff Entered Into A Valid Agreement To Arbitrate His Claims**

11                  **Individually**

12          The American Arbitration Association has personal and subject matter jurisdiction

13  over this dispute based on the Terms in which the parties agreed that "any dispute arising

14  out of or related to the Program Terms (including any claim that the Program Terms are

15  invalid, illegal, or otherwise voidable or void), seeking as relief money damages or Points

16  and/or attorneys' fees or other damages will be submitted for arbitration to the American

17  Arbitration Association (AAA)."

18          Plaintiff alleges that his participation in the IHG Rewards Program, and his stay at a

19  Holiday Inn Express in Brattleboro, Vermont in May of 2024 is what led to the call he

20  alleges was wrongfully recorded in violation of the CIPA. (Complaint, ¶¶ 18-23.) Plaintiff

21  brings this action despite his agreement to the IHG One Rewards Arbitration Provision,

22  which is included as section 9 of the IHG One Rewards Terms, which explicitly state that:

23                  [A]ny dispute arising out of or related to the Program Terms
                   (including any claim that the Program Terms are invalid, illegal,
24                  or otherwise voidable or void), seeking as relief money damages
                   or Points and/or attorneys' fees or other damages will be
25                  submitted for arbitration to the American Arbitration Association
                   (AAA).
26

27  Terms, Exhibit 1, § 9

28

As set forth above, when Plaintiff signed up for the IHG One Rewards Program, he was required to assent to the IHG One Rewards Membership Terms. By affirmatively assenting to those conditions, Plaintiff also agreed to arbitrate his claims "arising out of or related to the Program or the Program Terms and Conditions." By Plaintiff's own admission, his claim arises out of the Program, and therefore Plaintiff must arbitrate his claims. Accordingly, the Court must dismiss Plaintiff's instant lawsuit and compel Plaintiff to pursue any claims in individual arbitration.

## B.     The Court Lacks Personal Jurisdiction Over Defendants

Plaintiff is a resident of the State of California. (Complaint, ¶¶ 10 and 15.) Defendant Six Continents is a Delaware corporation with its headquarters in Georgia. (*Id.*, ¶ 16) and Defendant Holiday Inn Club Vacations is a Delaware corporation with its headquarters in Florida. (*Id.*, ¶ 17.) None of the allegations in the Complaint state anything more than a boilerplate jurisdictional allegation that each of the Defendants "conduct[] business in the State of California, in the County of San Diego." (*Id.*, ¶¶ 16-17.) Plaintiffs merely assert that Defendants called Plaintiff's telephone number to ask him to take a survey after Plaintiff stayed at a Holiday Inn Express in Brattleboro, Vermont. (*Id.*, ¶¶ 20-21.) Plaintiffs allege no specific conduct by either Defendant in or directed to California, and allege no offices, accounts, or other connection between Defendants and California. (*Id.*). Plaintiff has failed to demonstrate that the Court has jurisdiction over Defendants. To establish personal jurisdiction over a defendant, the plaintiff must show the forum's long-arm statute is satisfied and that the exercise of jurisdiction over the nonresident defendant comports with due process. "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

Due process requires that the non-resident defendant have minimum contacts with the forum state such that the "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

A court may exercise personal jurisdiction over a non-resident defendant on two bases. First, general jurisdiction exists if a defendant's activities in the forum state are so substantial or continuous and systematic that the defendant is essentially at home in the forum state. *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014). "[I]n the paradigmatic circumstance for exercising general jurisdiction, the corporate defendant is incorporated or has its principal place of business in the forum state." *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020 (9th Cir. 2017). Second, there is specific jurisdiction if the defendant's specific activity in the forum gives rise to the claim at issue. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 1780 (2017). Therefore, for the Court to exercise jurisdiction over Defendant, Plaintiff must allege sufficient facts to demonstrate that the Court may exercise general or specific jurisdiction. Here, Plaintiff does neither.

### 1.    General Jurisdiction Does Not Apply to Defendants

The Court cannot assert general jurisdiction over Defendants as Defendants affiliations with California are neither continuous or systematic so as to render them at home in California. Defendant Six Continents is a Delaware corporation with its headquarters in Georgia. (Complaint, ¶ 16.) Defendant Holiday Inn Club Vacations is a Delaware corporation with its headquarters in Florida. (Complaint, ¶ 17.), and Plaintiff does not allege sufficient facts to render either of the Defendants at home in California. Accordingly, general jurisdiction does not apply here.

### 2.    Specific Jurisdiction Does Not Apply to Defendants

Plaintiff fails to show that Defendants purposefully directed their activities or consummated some transaction with the forum or resident thereof; or performed some act by which they purposefully availed themselves of the privilege of conducting activities in the forum, and that Plaintiff's claim arises out of or relates to the forum-related activities. *Schwarzenegger*, 374 F.3d at 802. However, even if the Court finds that Plaintiff has satisfied the first two prongs, the facts show that it is not reasonable for the Court to exercise jurisdiction over Defendants in California.

### (i) Defendants Did Not Purposefully Direct Their Activities Toward California

To establish purposeful direction as to Plaintiff's claims, his Complaint must plead that Defendants "committed an intentional act" "expressly aimed" at California and "cause[ed] harm" that Defendants knew was "likely to be suffered in the forum state." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 803 (9th Cir. 2004); *see also Graham v. Noom, Inc.*, 533 F.Supp.3d 823, 837 (N.D. Cal. 2021) (applying purposeful-direction test to CIPA claims). For Plaintiff to satisfy the "express aiming" requirement for purposeful direction, a plaintiff must plead that a defendant engaged in "something more" – for example "individualized targeting" of the plaintiff or tailoring the actions/activities to California residents – beyond just committing a "foreign act with foreseeable effects in the forum state." *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156-57 (9th Cir. 2006); *see also Yeager v. Airbus Group SE*, 2021 WL 750836, at *6 (C.D. Cal. Jan. 26, 2021) (noting that "express aiming" requires that defendant "targets California consumers above and beyond consumers in any other geographic locations.")

Plaintiff fails to plead any such express aiming here. The Complaint alleges only that: (a) "the conduct engaged in by Defendants took place in California" (Complaint, ¶ 5), and (b) "Defendants conduct business within the State of California" (Complaint, ¶¶ 13, 16-17), but such "conclusory" and "boilerplate allegations" do not suffice to establish personal jurisdiction. *See Talavera Hair Prods., Inc. v. Taizhou Yunsung Elec. Appliance Co*., 202 WL 6504947, at *2-3 (S.D. Cal. Nov. 5, 2020). Plaintiff has not stated facts sufficient to show that either of the Defendants' actions as related to the claims in this case were directed to the forum.  Purposeful direction is evaluated under the three-part "effects" test originating with *Calder v. Jones*, 465 U.S. 783 (1984) which requires that a defendant must "have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Foods Co. Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). Here, Plaintiffs allege simply that Defendants' customer care department contacted Plaintiff after he returned home from a stay at a Holiday

Inn property in Brattleboro, Vermont to obtain feedback from Plaintiff about his stay at the property *in Vermont*. Plaintiff fails to demonstrate how the post-visit attempts to collect data from customers are expressly aimed at California, or that there are any distinct actions that Defendants allegedly take with customers who may potentially reside in California that they do not take with Customers residing in other jurisdictions. Plaintiff's Complaint lacks any allegations that show any of Defendants' acts were more likely to cause harm in California than any other forum.

Plaintiff also fails to plead that Defendants knew that any harm allegedly caused by their actions were likely to be suffered in California. *See generally Axiom Foods*, 874 F.3d at 1070-71 ("California [must be] the focal point both of the [complained-of acts] and the harm suffered."). Aside from Plaintiff failing to allege to have suffered any concrete harm (as further explained below), Plaintiff does not allege anything specific in his Complaint regarding any purported knowledge on Defendants' part that California residents would be harmed at all, let alone more likely to be harmed in California than any other forum. The Complaint is completely devoid of allegations that demonstrate any act by [Defendants] was more likely to cause harm in California than any other forum." *Sacco*, 2022 WL 4663361, at *5 n.2. Even where a mobile telephone number may have an area code attributed to a specific state or area, it is not uncommon for people to move locations yet retain a number tied to a different location altogether. And even assuming Defendants knew the location of Plaintiff's residence (which is not alleged in the Complaint), knowledge of a plaintiff's residence is not alone sufficient. *See Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017) (citing *Walden v. Fiore*, 571 U.S. 277, 287-90 (2014)). Accordingly, Plaintiff "fail[s] to establish any expressly aimed act caused harm that the defendant knows is likely to be suffered in the forum state." *Id.*

### C.    Plaintiff Fails to State A Viable Claim And Dismissal Is Proper

Even if the Court could exercise personal jurisdiction over Defendants, Plaintiff's failure to state a viable claim under the California Invasion of Privacy Act independently warrants dismissal under Federal Rule of Civil Procedure 12(b)(6).

### 1. Plaintiff Failed To Plead Any Concrete Damages And Therefore Lacks Standing

It is well settled that it is not enough to simply allege a violation of a statute (e.g. the CIPA) and call it a day. Rather, to satisfy Article III, Plaintiff must articulate how the alleged violation(s) actually caused him some concrete, real-world injury. Plaintiff, an oft-denied serial litigant, once again fails in his threadbare complaint to allege any actual injury that would confer upon him standing to bring his claims in this Court. Binding Supreme Court precedent requires dismissal of a consumer-protection class action if the only requested damages are statutory in nature and no concrete damages are alleged. In *TransUnion v. Ramirez*, 594 U.S. 413 (2021), the Supreme Court emphasized that a plaintiff must suffer a concrete harm to have standing in federal court, even if Congress has provided a statutory cause of action with statutory damages. The Court explained that without a concrete harm, the plaintiff is not seeking to remedy any harm to themselves but is merely seeking to ensure compliance with regulatory law, which is insufficient for Article III standing. *Id.* Similarly, in *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), the Supreme Court clarified that an injury in fact must be both concrete and particularized. The Court noted that a bare procedural violation, divorced from any concrete harm, does not satisfy the injury-in-fact requirement of Article III. *Id.* This principle was reiterated in *Larson v. TransUnion, LLC*, 201 F.Supp.3d 1103 (2016), where the court stated that even in cases involving statutory rights, a plaintiff must show a concrete injury. *Id.*

### D. Plaintiff's Class Claims Must Be Stricken as They Are Fail-Safe And Lack Commonality

Plaintiff seeks, through this action, to represent a class of people who allegedly did not consent to having their phone calls recorded, consisting of:

> All persons in California whose cellular telephone conversations were recorded without their consent, by Defendants, and or its [sic] agents, within one year prior to the filing of this Complaint.

Complaint ¶ 38.

The proposed Class is fail-safe and lacks commonality.

### 1.    The Class Definition is Fail-Safe

Plaintiff's class allegations must be stricken under Ninth Circuit law because the proposed class is fail-safe and would require the Court to affirmatively establish each individual plaintiff's lack of consent. "As the Ninth Circuit has explained, '[t]he fail-safe appellation is simply a way of labeling the obvious problems that exist when the class itself is defined in a way that precludes membership unless the liability of the defendant is established.'"  *Dixon*, 2016 WL 3456680 at \*4 (citing *Kamar v. RadioShack Corp.*, 375 F. App'x 734, 736 (9th Cir. 2010).   In *Dixon*, the court struck a plaintiff's class allegations because the proposed class was limited to persons who "had not previously consented to receiving such calls," which required members to prevail on liability under the TCPA by effectively establishing that they received a solicitation without previously providing their express consent, as a prerequisite for inclusion in the proposed class.  *Id.*  Similarly, in *Olney v. Jobs.com, Inc.*, the district court reasoned that the plaintiff's original class allegations constituted a fail-safe class where the class was defined "to include anyone who received such a call without prior express consent," which meant that "only those potential members who would prevail on this liability issue would be members of the class."  No. 1:12-CV-01724-LJO-SKO, 2013 WL 5476813, at \*11 (E.D. Cal. Sept. 30, 2013).

Here, as in *Dixon* and *Olney*, Plaintiff's class allegations constitute a fail-safe class. Plaintiff's class allegations require class members to prevail on liability under the CIPA in order to be members of the class, for once it is determined that a person who is a possible class member cannot prevail against the defendant under the CIPA, they would drop out of the class.  *See Kamar*, 375 F. App'x at 736.  Allowing such a fail-safe class to proceed would be "palpably unfair to [Defendants]" because Defendants would be required to perform an inquiry in order to ascertain why each individual was called and whether Defendants would claim that consent was obtained for each recipient.  *See id.*  The proposed class is also unmanageable: "for example, to whom should the class notice be sent?"  *Id.*

## 2.    The Purported Class Lacks Commonality

A proposed class satisfies the commonality requirement if there is at least one question of fact or law common to the entire class.  Fed. R. Civ. P. 23(a)(2).  The claims must "depend upon a common contention such that determination of its truth or falsity will resolve an issue that is central to the validity of each claim in one stroke." *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 588 (9th Cir. 2012) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (quotations omitted)).  Just as in *Tomaszeswki v. Circle K Stores, Inc.*, 2021 WL 2661190 (D. Ariz. Jan 12, 2021), Plaintiff proposed broad and conclusory common contentions but "none of them would resolve an issue that is central to the validity of each claim in one stroke."  2021 WL 2661190 at *3.  In *Tomaszewski*, the "named Plaintiffs allege[d] that they did not give consent to Circle K because they were never at the location where consent was allegedly given.  In other words, someone else used their phone number to get a discount." *Id.* But the proposed class definition allowed "*any* person to be a member who Defendant did not receive consent to contact regardless of how that occurred"—whether due to the way that Circle K obtains consent or, separately, because someone else used their phone number at a Circle K to get a discount.  *Id.* (stating "[t]hese are two separate allegations without a common contention").

Plaintiff's Complaint here is equally deficient.  The question of consent is not "common" such that it can be ascertained on a class-wide basis.  Instead, it is factually involved and depends on the question of whether consent was provided by each putative class member, which is impossible to know without an individualized inquiry. It cannot be resolved on a class-wide basis in "one stroke."

## E.    Plaintiff's Class Claims Must Be Dismissed as The Claims Are Subject to an Arbitration Provision with a Class Action Waiver

As noted above, in his Complaint Plaintiff alleges that the call he received was linked to his participation in the IHG One Rewards program. (Complaint, ¶¶ 18-22.) As such, by his own admission Plaintiff agreed to an arbitration provision, which is included as section 9 of the IHG One Rewards Terms. By affirmatively assenting to those conditions, Plaintiff

also agreed to arbitrate his claims "arising out of or related to the Program or the Program Terms and Conditions." By Plaintiff's own admission, his claim arises out of the Program, and therefore Plaintiff must arbitrate his claims. Moreover, in addition to agreeing to arbitrate his claims, Plaintiff also waived his right to file and/or participate in a class action. Specifically, Plaintiff agreed to the following:

> **Class Action Waiver:** You agree that you will not file a class action against SCH, participate in a class action against SCH, file or seek a class arbitration against SCH, or participate in a class arbitration against SCH, for any claim or action arising out of the Program or the Program Terms.

Terms, Exhibit 1, § 11.

Further, in his Complaint Plaintiff has linked Six Continents and Holiday Inn Club Vacations to the alleged actions, all allegedly occurring under the "IHG Rewards" program and related to "IHG Brands." (Complaint, ¶¶ 18-22.) Pursuant to Plaintiff's allegations in his Complaint, and his agreement to the Arbitration Provision included in the Terms, the Court must strike Plaintiff's class claims, and compel Plaintiff to file his claims in individual arbitration.

## V.     PLAINTIFF IS NOT ENTITLED TO RELIEF IN EQUITY

Finally, even if Plaintiff's CIPA claims were otherwise properly pled, Plaintiff would not be entitled to seek relief in equity.

### A.     Plaintiff Lacks Standing to Seek Injunctive Relief

A plaintiff "must demonstrate constitutional standing separately from each form of relief requested." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018). To obtain injunctive relief, Plaintiff must demonstrate a "real or immediate threat that [he] will be wronged again – a 'likelihood of substantial and immediate irreparable injury.'" *City of L.A. v. Lyons*, 461 U.S. 95, 111 (1983). This requires "a sufficient likelihood that he will again be wronged in a similar way" to that alleged. *Id.* The Complaint asserts in conclusory terms that injunctive relief is necessary "to prevent the further occurrence of such illegal acts pursuant to California Penal Code § 637.2(b)." But, importantly, since Plaintiff knows

about the recording practices, he cannot possibly allege that any future call would be recorded without his consent. *Cf. Smith*, 262 F. Supp. 3d at 953-56; *Perkins*, 53 F. Supp. 3d at 1211-14; *Silver*, 2021 WL 3191752, at *4-5. Since Plaintiff cannot be wronged again in the manner alleged in the Complaint, he lacks standing to seek injunctive relief. *See, e.g., Sinatro v. Barilla Am., Inc.*, – F. Supp. 3d –, 2022 WL 10128276, at *10 (N.D. Cal. Oct. 17, 2022) (plaintiffs lacked standing to seek injunctive relief for false advertising claim once they became aware of relevant facts because they would not be misled again in a similar way); *Vitiosus v. Alani Nutrition, LLC*, 2022 WL 2441303, at *7 (S.D. Cal. July 5, 2022) (similar); *Hawyuan Yu v. Dr. Pepper Snapple Grp., Inc.*, 2020 WL 5910071, at *8 (N.D. Cal. Oct. 6, 2020) (similar).

### B.   Plaintiff Cannot Pursue Equitable Relief Because He Has an Adequate Remedy At Law

"[I]t is a basic doctrine of equity jurisprudence that courts of equity should not act when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, 875 (N.D. Cal. 2021). Thus, to seek "preliminary" and "other equitable" relief (see FAC ¶ 84, p. 24), Plaintiff must establish that he lacks an adequate remedy at law. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020); *see also Guthrie*, 561 F. Supp. 3d at 871 ("District courts have understood *Sonner* to require that, at a minimum, a plaintiff plead that [he] lacks an adequate remedy at law.").

Plaintiff's Complaint pleads no such thing. In fact, it affirmatively acknowledges that Plaintiff seeks statutory damages under the CIPA. The Complaint does not and cannot explain why monetary damages in the amounts specifically prescribed by the California Legislature to remedy violations of the laws invoked by Plaintiff – in the event he is entitled to them – would be inadequate. *Cf., e.g., Ketayi v. Health Enrollment Grp.*, 516 F. Supp. 3d 1092, 1128 (S.D. Cal. 2021) (plaintiffs failed to plead that they lacked an adequate remedy at law where their complaint requested legal remedies, including statutory damages).

## VI.    **CONCLUSION**

As Plaintiff agreed to be bound by the Arbitration Provision with a class action waiver contained in the Terms, the Court should compel Plaintiff's claims to individual arbitration. Alternatively, the Court should dismiss Plaintiff's Complaint for lack of personal jurisdiction. Alternatively, the Court should dismiss the Complaint with prejudice for failing to state a claim, as Plaintiff was specifically told that the call was being recorded, and because Plaintiff has not alleged any concrete damages. Finally, to the extent Plaintiff's claims survive, Plaintiff's request for injunctive relief should be dismissed.


DATED:  April 21, 2025                    GREENBERG TRAURIG, LLP


                                                            By /s/ J. Andrew Schaffer
                                                               Tyler R. Andrews
                                                               J. Andrew Schaffer
                                                               Attorneys for Defendants SIX CONTINENTS
                                                               HOTELS, INC.; and HOLIDAY INN CLUB
                                                               VACATIONS INCORPORATED