| | |
|---|---|
| Joshua Swigart (SBN 225557)<br>josh@swigartlawgroup.com<br>**SWIGART LAW GROUP, APC**<br>2221 Camino del Rio S, Ste 308<br>San Diego, CA 92108<br>P: 866-219-3343<br>*Attorneys for Plaintiff* | Daniel Shay (SBN 250548)<br>dan@shaylegal.com<br>**SHAY LEGAL, APC**<br>2221 Camino del Rio S, Ste 308<br>San Diego, CA 92108<br>P: 619-222-7429 |

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KAUFFMAN, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SIX CONTINENTS HOTELS, INC. & HOLIDAY INN CLUB VACATIONS INCORPORATED,<br><br>Defendants. | Case No: 3:25-cv-00424-JLS-DDL<br><br><u>CLASS ACTION</u><br><br>FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:<br><br>UNLAWFUL RECORDING OF CELLULAR TELEPHONE CALLS, CAL. PEN. CODE § 632.7<br><br>JURY TRIAL DEMANDED |

1

First Amended Complaint

## INTRODUCTION

1. David Kauffman ("Plaintiff"), individually and on behalf of all other similarly situated California residents ("Class Members"), brings this action for damages and injunctive relief against Six Continents Hotels, Inc. and Holiday Inn Club Vacations Incorporated ("Defendants") and their present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, related entities for unauthorized recordings of conversations with Plaintiff and Class Members without any notification or warning, in violation of the Cal. Pen. Code § 630, et seq. ("CIPA").

2. The California State Legislature passed CIPA in 1967 to protect the right of privacy of the people of California, replacing prior laws, which permitted the recording of telephone conversations with the consent of one party to the conversation.

3. In addition to the general protections afforded to confidential communications by California Penal Code § 632, California Penal Code § 632.7 was added to CIPA in 1992 due to specific privacy concerns over the increased use of cellular and cordless telephones. Section 632.7 prohibits secretly recording all communications involving cellular and cordless telephones, not just confidential communications. Penal Code 637.2 permits Plaintiff to bring this action for any violation of Penal Code § 632 and provides for statutory damages of $5,000 for each violation.

4. Plaintiff brings this class action on behalf of all persons in California whose cellular telephone conversations were recorded by Defendants, and or their agents, within the one year prior to the filing of the Complaint.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

///

6. All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

## JURISDICTION & VENUE

8. Jurisdiction is proper under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because Plaintiff, a resident of the State of California, seeks relief on behalf of a California class, which will result in at least one class member belonging to a different state than Defendants, who are both Delaware Corporations. Six Continents Hotels, Inc. has its headquarters in Georgia and Holiday Inn Club Vacations Incorporated has it in Florida.

9. Plaintiff is requesting statutory damages of $5,000 per violation pursuant to Cal. Civ. Code § 1785.31 which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction under CAFA.

10. Therefore, both diversity jurisdiction and the damages threshold under CAFA are present, and this Court has jurisdiction.

11. This Court has personal jurisdiction over Defendants because the conduct giving rise to Plaintiff's claims occurred in California and was purposefully directed at California residents. The privacy violations arose when Defendant's initiated an outbound call to Plaintiff knowing that he resided in California. Defendants' purposeful and tortious acts directed towards citizens of California, such as Plaintiff, while they were located within California. At all relevant times, Defendants conduct substantial business with residents of California, including Plaintiff, and entered into contracts with residents of California including the

3

First Amended Complaint

Terms and Conditions of the Rewards Program. Defendants knew that their practices would directly result in unauthorized recording of calls and collection of information from California citizens while those citizens were in California. Defendants chose to benefit from calling into California to gather information and to do business in California. Defendants called Californians and recorded them without consent, while they were in California. The claims alleged herein arise from those activities.

12. Defendants know that Plaintiff resides in California because Plaintiff is a member of Defendants' Rewards Program and provided his address as part of that program. Further, Defendant directed their call to Plaintiff on his cell phone with area code 619 which is a known area code of California.

13. Defendants included California-specific provisions in their Privacy Statement in recognition that California citizens would be called and that such calls, as well as Defendants' own conduct, was subject to California law.[1]

14. Personal jurisdiction is further established because the conduct which gives rise to the complaint occurred in California. Defendants purposefully directed their activities at residents of California by calling numbers with California area codes.

15. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California, within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendants conduct business within this judicial district.

16. Plaintiff's claims are not subject to an agreement to arbitrate or other provision removing this Court's jurisdiction, as discussed below.

## PARTIES & DEFINITIONS

17. Plaintiff is, and at all times mentioned herein was, a natural person and resident of the State of California, County of San Diego, in this judicial district.

---

[1] https://www.ihg.com/content/us/en/customer-care/privacy_statement#california-consumer-rights

4

First Amended Complaint

18. Six Continents Hotels, Inc. is, and at all times mentioned herein was, a Delaware corporation with its headquarters in Georgia. It conducts business in the State of California, in the County of San Diego, within this judicial district and at all times mentioned herein was, a "person" as defined by Cal. Pen. Code § 632(b).

19. Holiday Inn Club Vacations Incorporated is, and at all times mentioned herein was, a Delaware corporation with its headquarters in Florida. It conducts business in the State of California, in the County of San Diego, within this judicial district and at all times mentioned herein was, a "person" as defined by Cal. Pen. Code § 632(b).

## FACTUAL ALLEGATIONS

20. In 2021, Plaintiff joined the "IHG Rewards" program offered by "Six Continents Hotels, Inc. ("SCH") and its subsidiaries and affiliates, all of which are InterContinental Hotels Group companies."[2]

21. Holiday Inn Club Vacations Incorporated is a brand participating in the IHG Rewards Program.[3]

22. In May of 2024, Plaintiff stayed at a Holiday Inn Express in Brattleboro, Vermont. Shortly after the stay, "IHG Hotels & Resorts" sent an email to Plaintiff asking for feedback.

23. On July 9, 2024, an agent with "IHG Brands" called Plaintiff and asked him to participate in a survey. The caller advised Plaintiff that IHG Brands is headquartered in Atlanta, Georgia. Plaintiff reluctantly agreed to participate in the survey, and they began discussing Plaintiff's membership in the IHG Reward Program.

24. After about a minute of conversation, the caller informed Plaintiff that Defendants were recording the call, at which point Plaintiff felt deceived and ended the call.

---

[2] https://www.ihg.com/content/us/en/customer-care/member-tc

[3] Id.

5

First Amended Complaint

25. The number listed on Plaintiff's caller ID was 858-742-0145 and the ID said it was "HolidayInnClub" calling.

26. At no time during the call did Defendants advise Plaintiff that they were recording the call.

27. There was no disclosure, disclaimer, warning, beeping or any indication that the call was recorded.

28. On information and belief, Defendants record all their outbound calls and do not advise that the calls are recorded.

29. When placing a call, the first thing Defendants should say is that the call is recorded.

30. California Penal Code § 632.7(a) is clear in its prohibition against such unauthorized recording of cellular communications without the consent of the other party to the conversation:

> "Every person who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone [violates this section]."

31. California Penal Code § 637.2 permits Plaintiff to bring this action for any violation of California Penal Code § 632.7(a) and provides for statutory damages of $5,000 for each violation.

32. Defendants recorded or otherwise made and unauthorized connection to Plaintiff's conversation with Defendants, in violation of California's statutory and common law against such unlawful intrusions into a person's private affairs, including the California Constitution's prohibition in Article 1, Section 1 and CIPA.

33. Plaintiff is informed and believes, and thereon alleges, that Defendants intentionally recorded a communication transmitted between a cellular radio telephone and a landline telephone without Plaintiff's consent as prohibited by California Penal Code § 632.7(a).

34. Defendants violated CIPA and Plaintiff's constitutionally protected privacy rights by failing to advise or otherwise provide notice at the beginning of the conversation with Plaintiff that the call was recorded, and Defendants did not try to obtain Plaintiff's consent before such recording.

35. The recording or other unauthorized connection was done over the telephone, without Plaintiff's prior knowledge or consent. Plaintiff was damaged thereby, as detailed herein, in at least an amount permitted by the statutory damages of California Penal Code § 637.2(a).

36. Defendants secretly recorded at least one call it placed to Plaintiff. Defendants did not warn Plaintiff at the outset of the call that it was recording the call.

37. As a result thereof, Plaintiff has been damaged as set forth in the prayer for relief herein.

38. Plaintiff seeks statutory damages and injunctive relief under California Penal Code § 637.2(a).

## ARBITRATION & CLASS WAIVER

39. The IHG One Rewards Membership Terms and Conditions ("TCs")[4] contain an arbitration provision in § 9 that provides:

> "Except with respect to any claim or dispute involving the ownership, validity, or use of any IHG trademarks or service marks, . . . **any dispute arising out of or related to the Program or the Program Terms and Conditions**, . . . will be submitted for arbitration . . . ."[5]  emphasis added

---

[4] https://www.ihg.com/content/us/en/customer-care/member-tc

[5] Id.

7

First Amended Complaint

40. The telephone call at issue was not initiated for purposes of administering any benefit of the IHG Rewards Program. Plaintiff does not allege a breach of contract or assert any claims arising out of or relating to the Program or its TCs.

41. Moreover, Defendant's TCs do not mention, outline, or otherwise notify members that they may be called for surveys by IHG, nor do they disclose such calls will be recorded.

42. Similarly, IHG One Rewards Membership Privacy Statement ("PS") does not state when or if a call will be recorded.[6] The PS fails to notify members that calls will be recorded prior to any calls being made to members.

43. Plaintiff's claims arise under of the California Penal Code and concern unlawful call recording as opposed to any obligation or conduct governed by the Rewards Program.

44. Because the claims asserted herein are concern violations of California's statutory privacy laws relating to call recording under the Penal Code, these claims do not "arise out of or relate to the Program Terms and Conditions." Plaintiff's claims are thus not subject to arbitration under the TCs or PS.

45. The IHG One Rewards Membership TCs also contain a class action waiver at § 11, which provides:

> "You agree that you will not file a class action against SCH, participate in a class action against SCH, file or seek a class arbitration against SCH, or participate in a class arbitration against SCH, for any claim or action **arising out of the Program or the Program Terms**."[7]  emphasis added

---

[6] https://www.ihg.com/content/us/en/customer-care/privacy_statement

[7] https://www.ihg.com/content/us/en/customer-care/member-tc

8
First Amended Complaint

46. The class action waiver is inappicable for the same reasons that the arbitration provision does not apply.  Plaintiff's claims arise out of an alleged violation of the California Penal Code, not from any breach of contract or anything related to the Reward Program or its Terms." The claims are concern unlawful call recording, a subject not addressed or contemplated in the Program's Terms or class waiver. Hence, Plaintiff nor the Class Members have waived their right to pursue these claims on a class-wide basis.

### STANDING

47. Defendant's conduct constituted invasions of privacy because it disregarded Plaintiff's statutorily protected rights to privacy, in violation of CIPA.

48. Defendant caused Plaintiff to (1) suffer invasions of legally protected interests. (2) The invasions were concrete because the injury actually existed for Plaintiff and continues to exist every time Defendant calls Plaintiff or Class Members. The privacy invasions suffered by Plaintiff and Class Members are real and not abstract. Plaintiff and Class Members have a statutory right to be free from unauthorized call recording. The recording was meant to secretly obtain shareable information on Plaintiff.  Plaintiff was completely unaware he was being recorded until the end of the call.  Plaintiffs' injuries were not divorced from concrete harm in that privacy has long been protected in the form of trespassing laws and the Fourth Amendment of the U.S. Constitution for example.  Like here, an unreasonable search may not cause actual physical injury, but is considered serious harm, nonetheless. (3) The injuries here are particularized because they affect Plaintiff in personal and individual ways. The injuries were individualized rather than collective since Plaintiff's unique communication was recorded without consent during a call to him, separate from calls to other class members, with different information divulged.  (4) The past invasions were actual and future invasions are imminent and will occur next time Defendant calls Plaintiff or other

Class Members. Defendant continues to record Class Members calls without consent. A favorable decision by this court would redress the injuries of Plaintiff and Class Members.

## CLASS ACTION ALLEGATIONS

49. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff and Class Members of the proposed Class. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

50. Plaintiff proposes the following Class consisting of and defined as follows:

> "All persons in California whose cellular telephone conversations were recorded by Defendants, and or its agents, within one year prior to the filing of this Complaint."

51. Excluded from the Class are: (1) Defendants, any entity or division in which Defendants have a controlling interest, and their legal representatives, officers, directors, assigns, and successors; (2) the judge to whom this case is assigned and the judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.

52. Plaintiff reserves the right to redefine the Class and to add subclasses as appropriate based on discovery and specific theories of liability.

53. <u>Numerosity</u>: The Class Members are so numerous that joinder of all members would be unfeasible and impractical.  Given that, on information and belief, Defendants called thousands of class members statewide and recorded those calls during the class period, it is reasonable to presume that the members of the Class are so numerous that joinder of all members is impracticable.  The disposition of

10

their claims in a class action will provide substantial benefits to the parties and the Court.

54. <u>Commonality</u>: There are common questions of law and fact as to Class Members that predominate over questions affecting only individual members, including, but not limited to:

- Whether Defendants recorded any calls to Class Members within the statutory time frame;
- Whether Defendants had a policy of recording calls to Class Members during the relevant time frame;
- Whether Defendants' policy or practice of recording calls with Class Members constitutes a violation of Cal. Penal Code § 632.7;
- Whether Plaintiff and the Class Members were damaged thereby, and the extent of damages for such violation; and
- Whether Defendants should be enjoined from engaging in such conduct in the future.

55. <u>Typicality</u>: Plaintiff's conversation was unlawfully recorded without a warning of such recording at the outset, and thus, Plaintiff's injuries are typical to Class Members. Plaintiff and Class Members were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through its agents, illegally recorded Plaintiff and Class Members' conversations with Defendants, invading their privacy.

56. <u>Adequacy</u>: Plaintiff is qualified and will fairly and adequately protect the interests of Class Members with whom Plaintiff is similarly situated, as demonstrated herein. Plaintiff acknowledges that Plaintiff has an obligation to make known to the Court any relationships, conflicts, or differences with any Class Member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. In addition, the proposed class counselors are experienced in handling claims involving consumer actions

First Amended Complaint

and violations of the California Penal Code section 632.7. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

57. <u>Predominance</u>: Questions of law or fact common to the Class Members predominate over any questions affecting only individual members of the Class. The elements of the legal claims brought by Plaintiff and Class Members are capable of proof at trial through evidence that is common to the Class rather than individual to its members.

58. <u>Superiority</u>: A class action is a superior method for the fair and efficient adjudication of this controversy because:

   a. Class-wide damages are essential to induce Defendants to comply with California law.
   b. Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendants' misconduct.
   c. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.
   d. Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.
   e. Class action treatment is manageable because it will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would endanger.
   f. Absent a class action, Class Members will continue to incur damages, and Defendants' misconduct will continue without remedy.

59. Plaintiff and the Class Members have all suffered and will continue to suffer harm and damages as a result of Defendants' unlawful and wrongful conduct. A class action is also superior to other available methods because as individual Class Members have no way of discovering that Defendants recorded their telephone conversations without Class Members' knowledge or consent.

60. The Class should also be certified because:

- The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudication with respect to individual Class Members, which would establish incompatible standards of conduct for Defendants;

- The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

- Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

61. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of Class Members and it expressly is not intended to request any recovery for personal injury and claims related thereto.

62. The joinder of Class Members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class Members can be identified through Defendants' records.

## CAUSE OF ACTION

## RECORDING OF CELLULAR CALLS

## UNDER CALIFORNIA PENAL CODE § 632.7

63. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

First Amended Complaint

64. At all relevant times hereto, Defendants had and followed a policy and practice of using a telecommunications system that enabled it to surreptitiously record cellular telephone communications between Defendants and Plaintiff and Class Members.

65. At all relevant times hereto, Defendants intentionally and secretly recorded cellular telephone calls between Defendants and Plaintiff and Class Members.

66. At all relevant times hereto, Defendants had and followed a policy and practice of not advising or warning Plaintiff and Class Members at the beginning of a conversation that their cellular telephone communications with Defendants would be recorded.

67. Defendants intentionally did not obtain the consent of Plaintiff and Class Members prior to recording their cellular telephone conversations.

68. This conduct by Defendants violated section 632.7(a) of the California Penal Code.

69. Without injunctive relief, Defendants will continue their illegal conduct in violation of Cal. Pen. Code § 632.7 pursuant to their policy and practices. Failure to enjoin Defendants from such further conduct would allow Defendants to continue to infringe on the privacy rights of Californians.

70. Plaintiff and Class Members are entitled to recovery of statutory punitive damages in the amount of $5,000 per violation of Cal. Pen. Code § 632.7 under Cal. Pen. Code § 637.2.

71. Plaintiff's counsel is entitled to attorney fees and costs pursuant to Cal. Code of Civ. Proc. § 1021.5.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class Members pray that judgment be entered against Defendants, and Plaintiff and the Class be awarded damages from Defendants, as follows:

- Certify the Class as requested herein;

- Appoint Plaintiff to serve as the Class Representative for the Class; and
- Appoint Plaintiff's Counsel as Class Counsel in this matter for the Class.

In addition, Plaintiff and the Class Members pray for further judgment as follows against Defendants:

### RECORDING OF CELLULAR CALLS
### UNDER CALIFORNIA PENAL CODE § 632.7

- $5,000 to each Class Member pursuant to California Penal Code § 637.2(a);
- Reasonable attorney fees pursuant to Cal. Code of Civ. Proc. § 1021.5;
- Injunctive relief to prevent the further occurrence of such illegal acts pursuant to California Penal Code § 637.2(b);
- An award of costs to Plaintiff; and
- Any other relief the Court may deem just and proper including interest.

### TRIAL BY JURY

87. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff and Class Members are entitled to, and demand, a trial by jury.

Respectfully submitted,

**SWIGART LAW GROUP, APC**

Date: May 6, 2025      By:  *s/ Joshua Swigart*
Joshua B. Swigart
Josh@SwigartLawGroup.com
Attorneys for Plaintiff

**SHAY LEGAL, APC**

Date: May 6, 2025      By:  *s/ Daniel Shay*
Daniel G. Shay
Dan@ShayLegal.com
Attorneys for Plaintiff

15

First Amended Complaint