Tyler R. Andrews (SBN CA 250686)
J. Andrew Schaffer (SBN CA 320905)
GREENBERG TRAURIG, LLP
18565 Jamboree Road, Suite 500
Irvine, California 92612
Telephone: 949.732.6500
Facsimile: 949.732.6501
Tyler.Andrews@gtlaw.com
Drew.Schaffer@gtlaw.com

Attorneys for Defendants SIX CONTINENTS HOTELS,
INC.; and HOLIDAY INN CLUB VACATIONS
INCORPORATED

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KAUFFMAN, individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>SIX CONTINENTS HOTELS, INC.; HOLIDAY INN CLUB VACATIONS INCORPORATED,<br><br>    Defendants. | CASE NO.  3:25-cv-00424-JLS-DDL<br><br>Assigned to the Honorable Janis L. Sammartino<br><br>**DEFENDANTS SIX CONTINENTS HOTELS, INC. AND HOLIDAY INN CLUB VACATIONS INCORPORATED'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION, OR, ALTERNATIVELY, MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR, ALTERNATIVELY, TO STRIKE CLASS ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:  July 10, 2025<br>Time:  1:30 p.m.<br>Ctrm.:  4D<br><br>Action Filed: February 26, 2025<br>FAC Filed: May 6, 2025 |

DEFENDANTS' MOTION TO COMPEL ARBITRATION OR TO DISMISS FIRST AMENDED COMPLAINT

**TO THE COURT AND PLAINTIFF:**

**PLEASE TAKE NOTICE THAT** on July 10, 2025 at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Janis L. Sammartino, in Courtroom 4D of the United States District Court, Southern District of California, located at 221 West Broadway, San Diego, California 92101, Defendants Six Continents Hotels, Inc. ("Six Continents") and Holiday Inn Club Vacations Incorporated ("Holiday Inn Club Vacations") (collectively, "Defendants") will and hereby do move the Court for an order compelling Plaintiff David Kaufmann ("Plaintiff") to individual arbitration pursuant to the IHG One Rewards Membership Terms and Conditions (Exhibit 1, §9) (the "Terms") which, by Plaintiff's own admission in his FAC, govern the transaction at issue. In the alternative, Defendants move the Court for an order dismissing, with prejudice, Plaintiff's First Amended Complaint (the "FAC") [Dkt. 11] pursuant to Federal Rules of Civil Procedure ("FRCP" or "Rule") 12(b)(6).

Plaintiff David Kaufmann's ("Plaintiff") alleges causes of action under the California Invasion of Privacy Act, California Penal Code § 630, et seq. ("CIPA") against Defendants on behalf of himself and a putative class of California individuals who allegedly were subject to calls from Defendants conducting a survey regarding Defendants' services (Dkt. 11 [First Amended Complaint] ¶¶ 22-25).  To begin with, Plaintiff should be compelled to individual arbitration pursuant to the Terms which govern Plaintiff's participation in the IHG One Rewards Program. When Plaintiff opted into the IHG One Rewards Program, he accepted the Terms, which contain a mandatory arbitration provision and a class action waiver.  Despite Plaintiff's attempts to sidestep these provisions in his FAC, the contractual arbitration clause and class waiver remain binding and enforceable against Plaintiff under their unambiguous language.

Even if the Court finds the arbitration provision unenforceable or inapplicable to Plaintiff's claims, the Court should dismiss the FAC pursuant to Rule 12(b)(6) for failure to state a claim under the CIPA for the independent reason that Plaintiff cites to the Terms in his FAC which state that customer care calls may be recorded, and Plaintiff was also

*specifically informed* of the recording while on the call, which *he chose* to end. Separately, Plaintiff fails to allege any actual damages resulting from the alleged breach of the CIPA. Finally, the Court should dismiss Plaintiff's claim for injunctive relief as Plaintiff lacks standing to bring such claims. In the alternative, Defendants move to strike Plaintiff's class allegations pursuant to Rule 12(f) as Plaintiff's putative class definition is fail-safe and lacks commonality.

WHEREFORE Defendants respectfully request that this Court compel Plaintiff to individual arbitration. Alternatively, the Court should dismiss the claims asserted against Defendants in Plaintiff's FAC with prejudice or, in the alternative, strike the Complaint's class allegations pursuant to Rule 12(f) and, in either case, grant such other relief that this Court deems just and proper.

DATED:  May 20, 2025                    GREENBERG TRAURIG, LLP

By /s/ *J. Andrew Schaffer*
Tyler R. Andrews
J. Andrew Schaffer
Attorneys for Defendants SIX CONTINENTS
HOTELS, INC.; and HOLIDAY INN CLUB
VACATIONS INCORPORATED

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 8

II.   BACKGROUND ................................................................................................. 9

    A.   The Terms & Conditions ......................................................................... 9

        1.   The Arbitration Provision & Class Action Waiver ................................ 9

        2.   Plaintiff was Informed of the Recording On the Call .......................... 14

III.  LEGAL STANDARDS FOR MOTION TO DISMISS .......................................... 15

    A.   Standard to Compel Arbitration .......................................................... 15

    B.   Standard Under 12(b)(6) ....................................................................... 16

    C.   Motion to Strike Class Allegations ...................................................... 16

IV.   LEGAL ARGUMENT ........................................................................................ 17

    A.   Plaintiff Agreed to A Valid And Binding Arbitration Agreement Requiring Individual Arbitration Of His Claims ................................... 17

    B.   Plaintiff Fails to State a Viable Claim and Dismissal Is Proper .......... 18

        1.   Plaintiff Released Defendants From Liability Under the Program ...... 18

        2.   Plaintiff Failed to Plead Any Concrete Damages And Therefore Lacks Standing ........................................................................... 19

    C.   Plaintiff's Class Claims Must Be Stricken As They Are Subject To The Arbitration Agreement, Are Fail-Safe, And Lack Commonality ................. 20

        1.   The Class Claims are Subject to an Arbitration Provision with a Class Action Waiver ........................................................... 20

        2.   The Class Definition is Fail-Safe ......................................................... 21

        3.   The Purported Class Lacks Commonality ........................................... 22

V.    PLAINTIFF IS NOT ENTITLED TO RELIEF IN EQUITY ................................. 23

    A.   Plaintiff Lacks Standing to Seek Injunctive Relief .............................. 23

    B.   Plaintiff Cannot Pursue Equitable Relief Because He Has An Adequate Remedy At Law ....................................................................... 24

VI.   CONCLUSION .................................................................................................. 25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashbey v. Archstone Prop. Mgmt., Inc.*,
  785 F.3d 1320 (9th Cir. 2015) ...................................................................... 15

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...................................................................................... 16

*AT&T Mobility LLC v. Concepcion*,
  563 U.S. 333 (2011) ...................................................................................... 15

*Barnes v. Marriott Hotel Servs.*,
  Case No. 15-cv-01409-HRL, 2017 WL 635474 (N.D. Cal. Feb. 16, 2017) ................... 8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)...................................................................................... 16

*Benavidez v. Cnty. of San Diego*,
  993 F.3d 1134 (9th Cir. 2021) ...................................................................... 16

*Cheatham v. ADT Corp.*,
  161 F. Supp. 3d 815 (D. Ariz. 2016) ............................................................ 16

*City of L.A. v. Lyons*,
  461 U.S. 95 (1983)........................................................................................ 23

*Cox v. Ocean View Hotel Corp.*,
  533 F.3d 1114 (9th Cir. 2008) ...................................................................... 15

*Davidson v. Kimberly-Clark Corp.*,
  889 F.3d 956 (9th Cir. 2018) ........................................................................ 23

*Davis v. Wells Fargo Advisors LLC*,
  No. CV-13-01963-PHX-NVW, 2014 WL 1370278 (D. Ariz. Apr. 8, 2014)............... 17

*Epic Sys. Corp. v. Lewis*,
  138 S. Ct. 1612 (2018).................................................................................. 15

*Ferguson v. Corinthian Colls., Inc.*,
  733 F.3d 928 (9th Cir. 2013) ........................................................................ 15

*In re Gilead Scis. Secs. Litig.*,
  536 F.3d 1049 (9th Cir. 2008) .................................................................. 16

*Guthrie v. Transamerica Life Ins. Co.*,
  561 F. Supp. 3d 869 (N.D. Cal. 2021) ..................................................... 24

*Hawyuan Yu v. Dr. Pepper Snapple Grp., Inc.*,
  2020 WL 5910071 (N.D. Cal. Oct. 6, 2020) ............................................ 24

*Kamar v. RadioShack Corp.*,
  375 F. App'x 734 (9th Cir. 2010) ............................................................. 22

*Ketayi v. Health Enrollment Grp.*,
  516 F. Supp. 3d 1092 (S.D. Cal. 2021) ................................................... 24

*Larson v. TransUnion, LLC*,
  201 F.Supp.3d 1103 (2016) ..................................................................... 20

*Mantolete v. Bolger*,
  767 F.2d 1416 (9th Cir. 1985) ................................................................. 17

*Mazza v. Am. Honda Motor Co.*,
  666 F.3d 581 (9th Cir. 2012) ................................................................... 22

*Poll v. Stryker Sustainability Sols., Inc.*,
  No. CIV 13-440-TUC-CKJ, 2014 WL 199150 (D. Ariz. Jan. 17, 2014) ...... 8

*Rep. of Nicaragua v. Std. Fruit Co.*,
  937 F.2d 469 (9th Cir. 1991) ................................................................... 15

*Sanders v. Apple Inc.*,
  672 F. Supp. 2d 978 (N.D. Cal. 2009) ..................................................... 16

*Siles v. ILGWU Nat'l Ret. Fund*,
  783 F.2d 923 (9th Cir. 1986) ................................................................... 17

*Sinatro v. Barilla Am., Inc.*,
  – F. Supp. 3d –, 2022 WL 10128276 (N.D. Cal. Oct. 17, 2022) ................ 24

*Sonner v. Premier Nutrition Corp.*,
  971 F.3d 834 (9th Cir. 2020) ................................................................... 24

*Spokeo, Inc. v. Robins*,
  578 U.S. 330 (2016) ................................................................................. 20

*Ticketmaster L.L.C. v. Prestige Ent. W., Inc.*,
    315 F. Supp. 3d 1147 (C.D. Cal. 2018) ............................................................... 16

*Tomaszeswki v. Circle K Stores, Inc.*,
    2021 WL 2661190 (D. Ariz. Jan 12, 2021) ................................................... 22, 23

*TransUnion v. Ramirez*,
    594 U.S. 413 (2021) ............................................................................... 19, 20

*Vitiosus v. Alani Nutrition, LLC*,
    2022 WL 2441303 (S.D. Cal. July 5, 2022) ....................................................... 24

**Statutes**

9 U.S.C. § 2 ............................................................................................... 15

California Penal Code § 630, et seq. (California Invasion of Privacy Act) ................ *passim*

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) .......................................................................... 2, 18

Fed. R. Civ. P. 12(f) ............................................................................... 3, 16

Fed. R. Civ. P. 23 ............................................................................ 16, 17, 22

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is one of many class action lawsuits filed by serial litigant David Kauffman ("Plaintiff"), with most of those lawsuits filed in this same jurisdiction and alleging substantially similar causes of action against various unsuspecting defendants – most have failed. Here, Defendant Holiday Inn Club Vacations Incorporated ("HICV") utilizes the services of a third-party vendor to conduct follow-up surveys of IHG One Rewards members after stays at IHG branded properties around the United States.  As indicated in the IHG One Rewards Program ("IHG One Rewards") privacy terms posted on Six Continents Hotels, Inc.'s website[1] and subsequently told to recipients of these calls, these conversations may be recorded for quality assurance. Plaintiff has alleged that when Defendants contacted him, they failed to announce at the outset of the call that they were recording the call (in accordance with Defendants' policies) and, therefore, he alleges that he felt "deceived." On that basis, Plaintiff brings this action on a class wide basis asserting claims under the California Invasion of Privacy Act ("CIPA").

Plaintiff's FAC is improperly before this Court. As part of Plaintiff's participation in the IHG One Rewards program, he was required to, and did, agree to the Terms, which include a mandatory arbitration provision and class action waiver (the "Arbitration Provision"). As such, Plaintiff affirmatively waived his right to bring this matter before this Court, both individually and as a class representative.

---

[1] The Court may take judicial notice of Defendants' Membership Terms and Conditions, copies of which are attached to the Declaration of Mark Shepherd ("Shepherd Decl."), ¶ 2, which was submitted with Defendants' Motion to Compel Arbitration or, Alternatively, Dismiss or, Alternatively, to Strike Class Allegations in the First Amended Complaint, as Exhibit A.  *See Poll v. Stryker Sustainability Sols., Inc.*, No. CIV 13-440-TUC-CKJ, 2014 WL 199150, at *2 (D. Ariz. Jan. 17, 2014) (holding that judicial notice of websites is permitted when the "authenticity of a website or the accuracy of the information on the website is not disputed"); *see also Barnes v. Marriott Hotel Servs.*, Case No. 15-cv-01409-HRL, 2017 WL 635474 (N.D. Cal. Feb. 16, 2017) (taking judicial notice of several pages of Marriott's website describing the accessibility features of the Hotel and of specific accessible room types where Marriott did not dispute the information on its own website and the information was not subject to reasonable dispute). Here, Plaintiff even cited to the website in his FAC, which is further evidence that the authenticity of the website is not disputed.

Should the Court find the Arbitration Provision unenforceable, the FAC suffers from multiple defects and should be dismissed with prejudice. First, Plaintiff fails to state a viable claim, as Plaintiff, by accepting the IHG One Rewards terms and conditions, was aware that customer care calls may be recorded. Second, Plaintiff fails to allege any concrete damages, and therefore his claims should be dismissed pursuant to relevant caselaw.

Alternatively, Plaintiff's allegations should be stricken because the class as pleaded is (i) fail-safe because it turns on the issue of consent, and (ii) lacks commonality.

## II.    BACKGROUND

### A.    The Terms & Conditions

As Plaintiff pleads in the FAC, Six Continents Hotels, Inc. ("Six Continents") is responsible for administering the IHG One Rewards Program. Holiday Inn Club Vacations is a brand administered by Holiday Inn Club Vacations Incorporated, that participates in the program. Plaintiff pleads that he joined the "IHG [One] Rewards" program in 2021. (FAC, ¶ 18). Upon joining the program, Plaintiff had to "accept the IHG One Rewards Membership Terms and conditions" and "read and accept the Privacy statement." Plaintiff accepted the Terms online on July 7, 2021 at the IHG website when he created his IHG One Rewards account and agreed that by continuing his membership in the Program, he agreed to changes and updates to the terms during his membership. (Shepherd Decl., ¶ 3.)

#### 1.    The Arbitration Provision & Class Action Waiver

Upon signing up for IHG One Rewards, Plaintiff agreed to the Arbitration Provision and Class Action Waiver, which are set forth clearly in the Terms in Sections 9 and 11 respectively. Sections 9 and 11 (as they existed on the date Plaintiff agreed to the terms) state:

> 9. **Arbitration:** Except with respect to any claim or dispute involving the ownership, validity, or use of any IHG trademarks or service marks, and to the extent permitted by applicable law, any dispute arising out of or related to the Program or the Program Terms and Conditions, seeking as relief money damages or Points and/or attorneys' fees or other damages ("Covered Claims") will be submitted for arbitration to

the American Arbitration Association (AAA). IHG shall have the right in a proper case to obtain temporary restraining orders, temporary preliminary injunctive relief, and/or declaratory relief (other than declarations with respect to the amount of money damages) from a court of competent jurisdiction.

The arbitration proceedings shall be heard by one independent arbitrator who shall be an attorney or retired judge. The arbitration shall be held in accordance with the then-existing Commercial Arbitration Rules of the AAA. All matters within the scope of the Federal Arbitration Act (9 U.S.C. 1, et seq.) will be governed by it and not by any state arbitration law. You and IHG waive any rights to maintain other available resolution processes for such disputes, such as a court action or administrative proceeding, to settle disputes. You and IHG waive any right to a jury trial for such disputes. The rules in arbitration are different from the rules that apply in court. There is no judge or jury, and review is limited, but an arbitrator can award the same damages and relief, and must honor the same limitations stated in the terms and conditions, as a court would..

In reaching his or her decision, the arbitrator shall follow the Program Terms, shall be bound to apply the applicable law, and shall not rule inconsistently with the applicable law. The arbitrator may not (1) without the consent of all parties, combine more than one individual's claim or claims into a single case, (2) participate in or facilitate notification to others of potential claims, or (3) arbitrate or preside over any form of a class, mass, collective, or representative proceeding. The arbitrator shall include in his or her award any relief he or she deems proper in terms of money damages (with interest on unpaid amounts from the date due at the maximum rate allowed by law), and attorneys' fees and costs. The award of the arbitrator shall be conclusive and binding upon a t parties to the proceeding, and judgment upon the award may be entered in a court of competent jurisdiction.

If a party violates this arbitration agreement by commencing an action asserting a Covered Claim in a court of law, then the court (and not an arbitrator) shall have the authority to resolve any disputes about the interpretation, formation, existence, enforceability, validity, and scope of the Program

Terms and Conditions, including this arbitration agreement, and the Waiver of Class, Mass, Collective, and Representative Claims. However, if a (tJ ..c -a a:, i:E party complies with this arbitration agreement and files for arbitration without filing a complaint in a court of law, then the arbitrator shall have the authority to resolve any disputes about the interpretation of the Program Terms and Conditions for purposes of discovery or the merits of the underlying claim, but shall have no authority to resolve any disputes about the formation, existence, enforceability, or validity of the Program Terms and Conditions, including this arbitration agreement, and the Waiver of Class, Mass, Collective, and Representative Claims.

Other than as may be required by law, the entire arbitration proceedings (including, but not limited to, any rulings, decisions, or orders of the arbitrator) shall remain confidential and shall not be disclosed to anyone other than the parties to proceeding.

…

**11. <u>Waiver of Class, Mass, Collective, and Representative Claims:</u>** To the extent permitted by law, you agree that you will not file a class action against IHG, participate in a class action against IHG, file or seek a class, mass, collective, or representative arbitration against IHG, or participate in such an arbitration against IHG, for any claim or action arising out of or related to the Program or the Program Terms and Conditions. To the extent permitted by law, you agree that all such claims may only be brought in your individual capacity, and not on behalf of other individuals.

Terms, at §§ 9, 11

As an IHG One Rewards member, Plaintiff was and remains bound by the Terms requiring him to arbitrate any claims arising out of or related to the IHG One Rewards program. Despite amending his initial complaint to distance himself from the Terms, Plaintiff's own allegations set forth in his FAC remain clear – the purportedly recorded telephone call at issue stems *entirely* from Plaintiff's participation in the IHG One Rewards program. As such, the Arbitration Provision remains applicable to the allegations in the FAC.

### (i) The Terms & Conditions Indisputably Apply To The Call at Issue

The Arbitration Provision unquestionably applies to Plaintiff's claims. Realizing that his initial filing in Federal District Court was improper, Plaintiff now dedicates nearly three pages of his FAC in an attempt to distance himself from the arbitration provision. (See FAC, ¶¶ 39-46). This "*Arbitration & Class Waiver*" section was added to the FAC only after Defendants' initial motion reminded Plaintiff that he had agreed to a valid and binding Arbitration Provision in connection with his IHG One Rewards program membership. Plaintiff's claim in Paragraph 40 of the FAC that "[t]he telephone call at issue was not initiated for purposes of administering any benefit of the IHG [One] Rewards Program" is demonstrably false. Indeed, Paragraph 23 of Plaintiff's own FAC *admits* that the call began with the IHG "agent" and Plaintiff "…***discussing Plaintiff's membership in the IHG Reward Program***."

Plaintiff links the call at issue directly to the IHG One Rewards program through his own pleading, and the Terms & Conditions of the IHG One Rewards Program *twice* specifically address and outline how Plaintiff's IHG One Rewards program membership may result in his receipt of the calls in question. Section 15 – *Data Protection* – states, in relevant part that:

> …by applying for Program membership, and by virtue of your continued membership, you accept and explicitly authorize IHG, in its capacity as data controller…to do the following with the personal information you supplied during enrollment in the Program or during the course of your Program membership… process it, [and] transfer it worldwide to any third parties with which IHG is affiliated within the scope of the Program…for use in connection with guest service, advertising, marketing, and communication purposes. Such third parties or IHG may contact you by mail, fax, telephone, email or SMS. In addition, IHG may offer you a benefit in the form of an opportunity to receive information on goods or services that may be of interest or value to you, by providing various companies with a list of IHG One Rewards Members…Members residing in …the U.S.A., will

automatically get this benefit upon enrolment…

Terms, at § 15.

Further, Section 40 of the Terms ("*Bonus Points from Promotions*") states:

> IHG One Rewards may offer limited-time promotions that offer Bonus Points and/or partner credits. "Bonus Points" are defined as Points awarded to the Member for completion of activities that are tied to a promotion. ***Those promotions are governed by these Terms and Conditions*** but may have additional terms and conditions specific to the individual promotion. Many of these promotions are only available to Program Members who receive a specific, targeted communication from IHG.

Terms, at § 40 (emphasis added).

Plaintiff has not alleged a single fact in support of his contradictory *claim* that the "telephone call at issue was not initiated for purposes of administering any benefit of the IHG One Rewards Program." Indeed, the express language of the Terms – as well as Plaintiff's own pleadings – demonstrate otherwise. Further, as stated below, Section 15 of the Terms *does*, in fact, "mention, outline, or otherwise notify members that they may be called for surveys by IHG." (*Id.*)

Therefore, pursuant to the Arbitration Provision that Plaintiff admittedly agreed to when he accepted the Terms, Plaintiff has improperly brought his claims before this Court, and the Court must compel Plaintiff's claims to individual arbitration and dismiss the FAC.

### (ii)   The Terms & Conditions Clearly Contemplate Recorded Calls

Despite Plaintiff's claims to the contrary, not only do the Terms (and thereby the Arbitration Provision) apply to the call at issue, but the terms expressly contemplate and notify Program members of such calls. Specifically, Section 15 states: "Such third parties or IHG may contact you by mail, fax, telephone, email or SMS." The program even offers an opportunity to "choose to be excluded from such affiliated third-party contacts and/or such mailing lists by making the appropriate selection in the online preference center or by contacting IHG Customer Care…" Plaintiff was contacted in accordance with the Terms,

and did not opt-out of such communications. Further, the same Section 15 informs participants that they "can find more information about how [IHG] handle[s] your personal data in our privacy statement…" with a link to the privacy statement. (Shepherd Decl. ¶ 4.) The IHG One Rewards privacy statement (which is also *cited by Plaintiff* in FN6 of the FAC), provides a chart of "Personal Information [the IHG One Rewards Program] Collect[s] and How [the IHG One Rewards Program] Use[s] and Disclose[s] it". In the chart, one of the categories of personal information that is collected includes "***audio recordings of customer care calls***." As such, through his citations to the Terms in the FAC—and specifically to the privacy statement—Plaintiff cannot on one hand seek the benefit of the Terms, and on the other hand use them as a shield to protect his claims from dismissal as he attempts to do here. According to the very Terms to which Plaintiff cites in his FAC, Plaintiff *knew* that his participation in the IHG One Rewards program could result in the call that he received, *and* that there was a possibility the call would be recorded.[2]

### 2. Plaintiff was Informed of the Recording On the Call

Even assuming the Terms did not notify Plaintiff of a potential recording (which they do), Plaintiff was also *specifically informed on the call* that the call was being recorded. (FAC, ¶ 24). Plaintiff's claim that he was not told about the recording until the "end of the call" is a disingenuous claim that sidesteps the massive hurdles in his argument. Plaintiff was informed of the recording **within the first minute** of the call, and prior to any substantive discussion. At that time, *Plaintiff* admittedly chose to end the call, which would *technically* put the recording notification at the "end" of the call. Despite knowledge that he was being recorded, this serial litigant was undeterred from filing his copycat complaint to try and pin liability on Defendants in a jurisdiction where many previous attempts have fallen flat.

---

[2] In fact, Plaintiff's membership and agreement with the Terms also releases Defendants from liability, including liability related to any calls he received. Specifically, Section 13 of the Terms states that "by participating in the Program, each Program Member agrees to ***release, discharge, and hold harmless IHG***, its advertising and promotion agencies, their respective parent companies, affiliates, subsidiaries, and their directors, officers, agents, and employees ***from all claims or damages arising out of any use or misuse of the Program by that Member***.

Finally, Plaintiff fails to allege any concrete damages. Instead, Plaintiff states only that California Penal Code § 632.7(a) permits Plaintiff to bring his action and provides for statutory damages of $5,000 for each violation. (FAC ¶¶ 9, 31, 70).  Plaintiff seeks _only_ statutory damages under California Penal Code § 632.7(a) for less than one minute of allegedly unconsented recording but fails to state any concrete damages suffered outside of the statutory scheme.  Therefore, Plaintiff's claims should be dismissed with prejudice.

## III.    LEGAL STANDARDS FOR MOTION TO DISMISS

### A.    Standard to Compel Arbitration

The FAA, which applies here, provides that an agreement to arbitrate "shall be valid, irrevocable, and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Supreme Court has held that the FAA established "a liberal federal policy favoring arbitration agreements" and that courts must "rigorously" enforce them "according to their terms." *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018) (citation omitted); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (similar). Accordingly, this Court must determine only "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008); *Ashbey v. Archstone Prop. Mgmt.*, *Inc.,* 785 F.3d 1320, 1323 (9th Cir. 2015) (same). If "both conditions are met, then the court must enforce the arbitration agreement as written." *Smith*, 601 U.S. ____ (S. Ct. May 16, 2024) at *6 (same).

Notably, "'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" *Ferguson v. Corinthian Colls., Inc.*, 733 F.3d 928, 938 (9th Cir. 2013). In the Ninth Circuit, "the most minimal indication of the parties' intent to arbitrate must be given full effect." *Rep. of Nicaragua v. Std. Fruit Co.*, 937 F.2d 469, 478 (9th Cir. 1991). As such, the "party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree*, 531 U.S. at 91 (emphasis added). Necessarily, here, that burden will rest with Plaintiff.

## B.      Standard Under 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action . . . do not suffice." *Id.* Nor do conclusory statements that "merely track[] the language of the statute[s] [themselves], without providing facts to substantiate the claimed legal conclusions." *Ticketmaster L.L.C. v. Prestige Ent. W., Inc.*, 315 F. Supp. 3d 1147, 1175 (C.D. Cal. 2018); accord *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1145 (9th Cir. 2021). Rather, the factual content alleged "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In deciding a motion to dismiss, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit," or "that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## C.      Motion to Strike Class Allegations

A court "may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Rule 12(f) requires the Court to accept the non-moving party's well-pleaded facts as true and to draw all reasonable inferences in favor of that party." *Cheatham v. ADT Corp.*, 161 F. Supp. 3d 815, 834 (D. Ariz. 2016) (citing *Farm Credit Bank of Spokane v. Parsons*, 758 F. Supp. 1368, 1371 n.4 (D. Mont. 1990)). "Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike the class allegations prior to discovery." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009); *see also Cheatham*, 161 F. Supp. 3d at 834 (stating class allegations may be stricken when "it is clear from the face of the complaint that no class can be certified").

To maintain a class action, a plaintiff must satisfy the requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy of representation—and at least one

subsection of Rule 23(b).  Implied in Rule 23 is the requirement that, in order for a class to be certified, the class must be ascertainable.  *Davis v. Wells Fargo Advisors LLC*, No. CV-13-01963-PHX-NVW, 2014 WL 1370278 (D. Ariz. Apr. 8, 2014).  Plaintiff bears the burden of advancing a *prima facie* showing that the class action requirements in Rule 23 are satisfied or that discovery is likely to produce substantiation of the class allegations. *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985).  Conclusory allegations and speculation are insufficient to meet this burden.  *Siles v. ILGWU Nat'l Ret. Fund*, 783 F.2d 923, 930 (9th Cir. 1986).

## IV.    **LEGAL ARGUMENT**

### A.    **Plaintiff Agreed to A Valid And Binding Arbitration Agreement Requiring Individual Arbitration Of His Claims**

The American Arbitration Association has personal and subject matter jurisdiction over this dispute based on the Terms. The broad Arbitration Provision Plaintiff admittedly agreed to applies to "any dispute arising out of or related to the Program or the Program Terms and Conditions." Despite Plaintiff's attempt to distance himself from the Terms, the fact remains that the call at issue directly precipitated from Plaintiff's participation in the IHG One Rewards Program (FAC, ¶¶ 20-23), which included "Holiday Inn Club Vacations Incorporated [as] a brand participating in the IHG [One] Rewards Program." (FAC, ¶ 21.)

In the FAC, Plaintiff unambiguously ties the call that he received to the IHG One Rewards program.  In fact, Plaintiff mentions the IHG One Rewards program in the first paragraph of his Factual Allegations section. (FAC, ¶ 20). He alleges that IHG Hotels & Resorts sent him an email for feedback after his stay at a Holiday Inn Express in Brattleboro, Vermont in May 2024. (FAC, ¶ 22). And he alleges that on July 9, 2024, two months after his stay at an IHG property, he received a call from IHG Brands to participate in a survey where they discussed *Plaintiff's membership in the IHG One Rewards Program*. (FAC ¶ 23). Despite crafting his pleading to tie the call directly to the IHG One Rewards program, Plaintiff then attempts to distance himself from the IHG One Rewards program when it becomes inconvenient for his claims due to the arbitration provision in the Terms. (FAC ¶¶

39-46).

Plaintiff brings this action despite his agreement to the IHG One Rewards Arbitration Provision, which is included as section 9 of the IHG One Rewards Terms, which explicitly state that:

> [A]ny dispute arising out of or related to the Program or the Program Terms and Conditions, seeking as relief money damages or Points and/or attorneys' fees or other damages ("Covered Claims") will be submitted for arbitration to the American Arbitration Association (AAA).

Terms, Exhibit 1, § 9

When Plaintiff signed up for the IHG One Rewards Program, he was required to assent to the IHG One Rewards Membership Terms. By affirmatively assenting to those conditions, Plaintiff also agreed to arbitrate his claims "arising out of or related to the Program or the Program Terms and Conditions." By Plaintiff's own admission in the unambiguous language he used in the FAC, as well as the express Terms, his claim arises out of the Program, and therefore Plaintiff must arbitrate his claims. Accordingly, the Court must dismiss Plaintiff's instant lawsuit and compel Plaintiff to pursue any claims in individual arbitration.

**B.    Plaintiff Fails to State a Viable Claim and Dismissal Is Proper**

Plaintiff's failure to state a viable claim under the California Invasion of Privacy Act independently warrants dismissal under Federal Rule of Civil Procedure 12(b)(6).

**1.    Plaintiff Released Defendants From Liability Under the Program**

In the Terms, which are governed by Georgia Law (see Terms, ¶ 16), Plaintiff released Defendants from liability. Section 13 of the Terms states:

> By participating in the Program, each Program Member agrees to release, discharge, and hold harmless IHG, its advertising and promotion agencies, their respective parent companies, affiliates, subsidiaries, and their directors, officers, agents, and employees from all claims or damages arising out of any use or misuse of the Program by that Member.

As Plaintiff has released the claims, the Court should dismiss Plaintiff's released claims as no relief can be granted.

### 2.    Plaintiff Failed to Plead Any Concrete Damages And Therefore Lacks Standing

It is well settled that it is not enough to simply allege a violation of a statute (e.g. the CIPA) and call it a day. Rather, to satisfy Article III, Plaintiff must articulate how the alleged violation(s) actually caused him some concrete, real-world injury. Plaintiff, an oft-denied serial litigant, once again fails in his threadbare complaint to allege any actual injury that would confer upon him standing to bring his claims in this Court. Plaintiff's only claim of "real-world injury" is that he was "completely unaware he was being recorded until the end of the call" (FAC, ¶ 48) which is a mischaracterization of what Plaintiff, himself, alleges occurred. In fact, Plaintiff was notified at the beginning of the call (and was aware that calls may be recorded pursuant to the Terms & Conditions) at which time he *chose* to disengage from the call. Plaintiff's attempt at smoke in mirrors is disingenuous. Of course if Plaintiff hangs up when he is informed at the beginning of the call that he is being recorded, that constitutes both the beginning of the actual call and the end of the call for Plaintiff, who has chosen to disconnect. As such, Plaintiff suffered no injury. Further, Plaintiff's attempt at "particularizing" the damages is his conclusory claim that "[t]he injuries here are particularized because they affect Plaintiff in personal and individual ways" is both completely unsupported and contradictory to class wide relief. (*Id.*) Plaintiff further states that Plaintiff's "unique communication was recorded…separate from calls to other class members, with different information divulged" (*Id.*). This is also damning for Plaintiff's class claims, as it requires individualized inquiries as to what information was supposedly divulged and when.

Binding Supreme Court precedent requires dismissal of a consumer-protection class action if the only requested damages are statutory in nature and no concrete damages are alleged. In *TransUnion v. Ramirez*, 594 U.S. 413 (2021), the Supreme Court emphasized that a plaintiff must suffer a concrete harm to have standing in federal court, even if

Congress has provided a statutory cause of action with statutory damages. The Court explained that without a concrete harm, the plaintiff is not seeking to remedy any harm to themselves but is merely seeking to ensure compliance with regulatory law, which is insufficient for Article III standing. *Id.* Similarly, in *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), the Supreme Court clarified that an injury in fact must be both concrete and particularized. The Court noted that a bare procedural violation, divorced from any concrete harm, does not satisfy the injury-in-fact requirement of Article III. *Id.* This principle was reiterated in *Larson v. TransUnion, LLC*, 201 F.Supp.3d 1103 (2016), where the court stated that even in cases involving statutory rights, a plaintiff must show a concrete injury. *Id.*

## C. Plaintiff's Class Claims Must Be Stricken As They Are Subject To The Arbitration Agreement, Are Fail-Safe, And Lack Commonality

Plaintiff seeks, through this action, to represent a class of people who allegedly did not consent to having their phone calls recorded, consisting of:

> All persons in California whose cellular telephone conversations were recorded without their consent, by Defendants, and or its [sic] agents, within one year prior to the filing of this Complaint.

FAC ¶ 50.

The proposed Class is subject to the terms of the Arbitration Provision, is fail-safe, and lacks commonality.

### 1. The Class Claims are Subject to an Arbitration Provision with a Class Action Waiver

As noted above, in his FAC Plaintiff admits that the call he received was linked to his participation in the IHG One Rewards program. (FAC, ¶¶ 20-24.) As such, by his own admission Plaintiff agreed to an arbitration provision, which is included as section 9 of the IHG One Rewards Terms. By affirmatively assenting to those conditions, Plaintiff also agreed to arbitrate his claims "arising out of or related to the Program or the Program Terms and Conditions." By Plaintiff's own admission, his claim arises out of the Program, and therefore Plaintiff must arbitrate his claims. Moreover, in addition to agreeing to arbitrate

his claims, Plaintiff also waived his right to file and/or participate in a class action. Specifically, Plaintiff agreed to the following:

> **Waiver of Class, Mass, Collective, and Representative Claims:** To the extent permitted by law, you agree that you will not file a class action against IHG, participate in a class action against IHG, file or seek a class, mass, collective, or representative arbitration against IHG, or participate in such an arbitration against IHG, for any claim or action arising out of or related to the Program or the Program Terms and Conditions. To the extent permitted by law, you agree that all such claims may only be brought in your individual capacity, and not on behalf of other individuals.

Terms, Exhibit 1, § 11.

Further, in the FAC Plaintiff has linked Six Continents and Holiday Inn Club Vacations to the alleged actions, all allegedly occurring under the "IHG One Rewards" program and related to "IHG Brands." (FAC, ¶¶ 20-25.) Pursuant to Plaintiff's allegations in his Complaint, and his agreement to the Arbitration Provision included in the Terms, the Court must strike Plaintiff's class claims and compel Plaintiff to file his claims in individual arbitration.

### 2.    The Class Definition is Fail-Safe

Plaintiff's class allegations must be stricken under Ninth Circuit law because the proposed class is fail-safe and would require the Court to affirmatively establish each individual plaintiff's lack of consent. "As the Ninth Circuit has explained, '[t]he fail-safe appellation is simply a way of labeling the obvious problems that exist when the class itself is defined in a way that precludes membership unless the liability of the defendant is established.'" *Dixon*, 2016 WL 3456680 at *4 (citing *Kamar v. RadioShack Corp.*, 375 F. App'x 734, 736 (9th Cir. 2010). In *Dixon*, the court struck a plaintiff's class allegations because the proposed class was limited to persons who "had not previously consented to receiving such calls," which required members to prevail on liability under the TCPA by effectively establishing that they received a solicitation without previously providing their express consent, as a prerequisite for inclusion in the proposed class. *Id.* Similarly, in *Olney*

*v. Jobs.com, Inc.*, the district court reasoned that the plaintiff's original class allegations constituted a fail-safe class where the class was defined "to include anyone who received such a call without prior express consent," which meant that "only those potential members who would prevail on this liability issue would be members of the class." No. 1:12-CV-01724-LJO-SKO, 2013 WL 5476813, at *11 (E.D. Cal. Sept. 30, 2013).

Here, as in *Dixon* and *Olney*, Plaintiff's class allegations constitute a fail-safe class. Plaintiff's class allegations require class members to prevail on liability under the CIPA in order to be members of the class, for once it is determined that a person who is a possible class member cannot prevail against the defendant under the CIPA, they would drop out of the class. *See Kamar*, 375 F. App'x at 736. Allowing such a fail-safe class to proceed would be "palpably unfair to [Defendants]" because Defendants would be required to perform an inquiry in order to ascertain why each individual was called and whether Defendants would claim that consent was obtained for each recipient. *See id.* The proposed class is also unmanageable: "for example, to whom should the class notice be sent?" *Id.*

### 3. The Purported Class Lacks Commonality

A proposed class satisfies the commonality requirement if there is at least one question of fact or law common to the entire class. Fed. R. Civ. P. 23(a)(2). The claims must "depend upon a common contention such that determination of its truth or falsity will resolve an issue that is central to the validity of each claim in one stroke." *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 588 (9th Cir. 2012) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (quotations omitted)). Just as in *Tomaszeswki v. Circle K Stores, Inc.*, 2021 WL 2661190 (D. Ariz. Jan 12, 2021), Plaintiff proposed broad and conclusory common contentions but "none of them would resolve an issue that is central to the validity of each claim in one stroke." 2021 WL 2661190 at *3. In *Tomaszewski*, the "named Plaintiffs allege[d] that they did not give consent to Circle K because they were never at the location where consent was allegedly given. In other words, someone else used their phone number to get a discount." *Id.* But the proposed class definition allowed "*any* person to be a member who Defendant did not receive consent to contact regardless of how

that occurred"—whether due to the way that Circle K obtains consent or, separately, because someone else used their phone number at a Circle K to get a discount. *Id.* (stating "[t]hese are two separate allegations without a common contention").

Plaintiff's FAC here is equally deficient. The question of consent is not "common" such that it can be ascertained on a class-wide basis. Instead, it is factually involved and depends on the question of whether consent was provided by each putative class member, which is impossible to know without an individualized inquiry. It cannot be resolved on a class-wide basis in "one stroke." In fact, Plaintiff admits that the claims he attempts to bring on a class-wide basis are unique and not suitable for class treatment. Specifically, in Paragraph 48 of his FAC, Plaintiff alleges that his injuries "are particularized" and that his "unique communication was recorded without consent during a call to *him*, *separate from calls to other class members, with different information divulged*." (FAC, ¶ 48).

## V.    PLAINTIFF IS NOT ENTITLED TO RELIEF IN EQUITY

Finally, even if the Court determines that Plaintiff's CIPA claims were properly pleaded, Plaintiff is not entitled to seek relief in equity.

### A.    Plaintiff Lacks Standing to Seek Injunctive Relief

A plaintiff "must demonstrate constitutional standing separately from each form of relief requested." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018). To obtain injunctive relief, Plaintiff must demonstrate a "real or immediate threat that [he] will be wronged again – a 'likelihood of substantial and immediate irreparable injury.'" *City of L.A. v. Lyons*, 461 U.S. 95, 111 (1983). This requires "a sufficient likelihood that he will again be wronged in a similar way" to that alleged. *Id.* The FAC asserts in conclusory terms that injunctive relief is necessary "to prevent the further occurrence of such illegal acts pursuant to California Penal Code § 637.2(b)." (FAC, Prayer for Relief, p. 15.) But Plaintiff does not and cannot allege that he will receive a call from Defendants again without knowing about Defendants' recording policy and/or that Defendants will not advise of the call recording at the outset of any subsequent call. Importantly, since Plaintiff knows about the recording practices, he cannot possibly allege that any future

call would be recorded without his consent. *Cf. Smith*, 262 F. Supp. 3d at 953-56; *Perkins*, 53 F. Supp. 3d at 1211-14; *Silver*, 2021 WL 3191752, at *4-5. Since Plaintiff cannot be wronged again in the manner alleged in his FAC, he lacks standing to seek injunctive relief. *See, e.g., Sinatro v. Barilla Am., Inc.*, – F. Supp. 3d –, 2022 WL 10128276, at *10 (N.D. Cal. Oct. 17, 2022) (plaintiffs lacked standing to seek injunctive relief for false advertising claim once they became aware of relevant facts because they would not be misled again in a similar way); *Vitiosus v. Alani Nutrition, LLC*, 2022 WL 2441303, at *7 (S.D. Cal. July 5, 2022) (similar); *Hawyuan Yu v. Dr. Pepper Snapple Grp., Inc.*, 2020 WL 5910071, at *8 (N.D. Cal. Oct. 6, 2020) (similar).

## B.    Plaintiff Cannot Pursue Equitable Relief Because He Has An Adequate Remedy At Law

"[I]t is a basic doctrine of equity jurisprudence that courts of equity should not act when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, 875 (N.D. Cal. 2021). Thus, to seek "preliminary" and "other equitable" relief (see FAC ¶¶ 1, 38, 60, 61, and 69), Plaintiff must establish that he lacks an adequate remedy at law. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020); *see also Guthrie*, 561 F. Supp. 3d at 871 ("District courts have understood *Sonner* to require that, at a minimum, a plaintiff plead that [he] lacks an adequate remedy at law.").

The FAC does not support a demand for injunctive relief. In fact, it affirmatively acknowledges that Plaintiff seeks statutory damages under the CIPA. The FAC does not and cannot explain why monetary damages in the amounts specifically prescribed by the California Legislature to remedy violations of the laws invoked by Plaintiff – in the event he is entitled to them – would be inadequate. *Cf., e.g., Ketayi v. Health Enrollment Grp.*, 516 F. Supp. 3d 1092, 1128 (S.D. Cal. 2021) (plaintiffs failed to plead that they lacked an adequate remedy at law where their complaint requested legal remedies, including statutory damages).

## VI.    <u>CONCLUSION</u>

As Plaintiff agreed to be bound by the Arbitration Provision with a class action waiver contained in the Terms, the Court should compel Plaintiff's claims to individual arbitration. Alternatively, the Court should dismiss Plaintiff's First Amended Complaint for lack of personal jurisdiction. Alternatively, the Court should dismiss the First Amended Complaint with prejudice for failing to state a claim, as Plaintiff understood that, pursuant to the Terms to which he cited in his FAC, a customer care call might be recorded and, on the call, was specifically informed the call was being recorded, and because Plaintiff has not alleged any concrete damages. Finally, to the extent any of Plaintiff's claims survive, Plaintiff's request for injunctive relief should be dismissed.


DATED:  May 20, 2025                    GREENBERG TRAURIG, LLP



                                        By /s/ *J. Andrew Schaffer*
                                        Tyler R. Andrews
                                        J. Andrew Schaffer
                                        Attorneys for Defendants SIX CONTINENTS
                                        HOTELS, INC.; and HOLIDAY INN CLUB
                                        VACATIONS INCORPORATED