Joshua B. Swigart (SBN 225557)
Josh@SwigartLawGroup.com
**SWIGART LAW GROUP, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA 92108
P: 866-219-3343
F: 866-219-8344

Daniel G. Shay (SBN 250548)
Dan@ShayLegal.com
**SHAY LEGAL, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA 92108
P: 619-222-7429
F: 866-219-8344

*Attorneys for Plaintiff,*
*And all others similarly situated*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID KAUFFMAN, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SIX CONTINENTS HOTELS, INC. and HOLIDAY INN CLUB VACATIONS INCORPORATED,<br><br>Defendants. | Case No: 3:25-cv-00424-JLS-DDL<br><br><u>CLASS ACTION</u><br><br>RESPONSE AND MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION, ALTERNATIVE MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, AND ALTERNATIVE MOTION TO STRIKE CLASS ALLEGATIONS<br><br>Date: July 10, 2025<br>Time: 1:30 p.m.<br>Dept.: 4D<br><br>Action Filed: February 26, 2025<br>FAC Filed: May 6, 2025 |

# TABLE OF CONTENTS


Page

**I. INTRODUCTION** ........ 1

**II. BACKGROUND** ........ 1

**III. LEGAL STANDARDS** ........ 2

A. Standard to Compel Arbitration ........ 2

B. Standard to Dismiss Under 12(b)(6) ........ 2

C. Motion to Strike Class Allegations ........ 3

**IV. LEGAL ARGUMENT** ........ 3

A. Arbitration is Inappropriate because Plaintiff's Claim is Outside the Scope of the Arbitration Agreement ........ 3

1. The Terms & Conditions Do Not Disclose Calls Will Be Recorded ........ 5

B. Plaintiff Stated a Viable Claim in the Complaint ........ 5

1. Plaintiff Plead Sufficient Damages to Constitute Standing ........ 5

C. Defendants' Arguments for Striking Class Allegations Fail ........ 6

1. The Class Definition is Not Fail-Safe ........ 6

2. The Proposed Class Allegations Contain Commonality ........ 7

**V. PLAINTIFF IS ENTITLED TO RELIEF IN EQUITY** ........ 8

A. Plaintiff Has Standing to Obtain Injunctive Relief ........ 8

B. Remedies At Law Are Inadequate ........ 9

**VI. CONCLUSION** ........ 9

## Table of Authorities

Page(s)

**Cases**

*Ades v. Omni Hotels Management Corp.*,
46 F.Supp.3d 999 (C.D.Cal. 2014) ....... 6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....... 2, 3

*Bee, Denning, Inc.*,
310 F.R.D. ....... 6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ....... 2, 3

*Brown v. Hain Celestial Group, Inc.*,
913 F. Supp. 2d 881 (N.D. Cal. 2012) ....... 3

*Campbell v. Facebook, Inc.*,
951 F.3d 1106 (2020) ....... 6

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
631 F.3d 939 (9th Cir. 2011) ....... 8

*Chiron Corp. v. Ortho Diagnostic Systems, Inc.*,
(9th Cir. 2000) 207 F.3d 1126 ....... 2

*Davis v. Nordstrom, Inc.*,
755 F.3d 1089 ....... 2

Defendants cite to *Ketayi v. Health Enrollment Grp.*,
516 F. Supp. 3d 1092 (S.D. Cal. 2021) ....... 9

*Doninger v. Pacific Northwest Bell, Inc.*,
564 F.2d 1304 (9th Cir. 1977) ....... 3

*Ellis v. Costco Wholesale Corp.*,
285 F.R.D. 492 (N.D. Cal. 2012) ....... 7

*Franklin v. City of Chicago*,
102 F.R.D. 944 (N.D. Ill. 1984) ....... 7

*General Telephone Co. of Southwest v. Falcon*,
457 U.S. 147 (1982) ....... 7

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1988) ....... 7

*In re Bank of Am. Cal. Unemployment Benefits Litig.*,
2023 WL 3668535 (S. D. Cal. May 25, 2023) ....... 3

*In re Facebook, Inc. Internet Tracking Litigation*,
956 F.3d 589 ....... 6

*Jackson v. Amazon.com, Inc.*,
65 F.4th 1093 (9th Cir. 2023) ....... 2, 4, 5

*Kearney v. Salomon Smith Barney, Inc.*,
39 Cal.4th 95 ....... 9

*Mantolete v. Bolger*,
767 F.2d 1416 (9th Cir. 1985) ....... 3

*Minns v. Advanced Clinical Emp. Staffing LLC*,
2015 WL 3491505 (N.D. Cal. June 2, 2015) ....... 8

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
473 U.S. 614, 622, n.9 ....... 4

*Reyes v. Educ. Credit Mgmt. Corp*,
322 F.R.D. 552 (S.D. Cal. 2017) ....... 6

*Smith v. LoanMe, Inc.*,
11 Cal.5th 183 (2021) ....... 5

*Spokeo, Inc. v. Robins,*
578 U.S. 330 (2016) ....... 6

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 ....... 7

*Williams v. PillPack LLC*,
343 F.R.D. 201 (2022) ........ 8

**Statutes**

Cal. Pen. Code § 630 ........ 1
Cal. Pen. Code § 632.7 ........ 1, 8
Cal. Pen. Code § 637.2 (b) ........ 8, 9

**Rules**

Fed. R. Civ. P. 23(a)(2) ........ 7

**Other Authorities**

*Class Certification in the Age of Aggregate Proof*,
84 N.Y.U.L.Rev. 97 (2009) ........ 7

## I. INTRODUCTION

Defendants Six Continents Hotels, Inc. and Holiday Inn Club Vacations Incorporated (collectively, "Defendants") brought a tripartite motion to the Court for (1) an order compelling Plaintiff David Kauffman ("Plaintiff") to individual arbitration; (2) in the alternative, a motion to dismiss Plaintiff's First Amended Complaint ("FAC"); and (3) in the alternative, a motion to strike class allegations. Defendants' motion, and all alternative motions, are deficient and should be denied by the Court. There is no basis for the Court to find that Plaintiff should be compelled to individual arbitration because contrary to Defendants' allegations, Plaintiff's claim does not arise out of or relate to Plaintiff's membership in the IHG One Rewards Program ("Rewards Program"); Plaintiff was not informed the call at issue was being recorded in any meaningful way until after the call was well underway; Plaintiff has standing to pursue his claims; and Plaintiff properly alleged class allegations. For the reasons argued below, Plaintiff respectfully requests that Defendants' motion be denied by this Court.

## II. BACKGROUND

Plaintiff's FAC alleges violations of the California Invasion of Privacy Act ("CIPA"), codified by Cal. Pen. Code § 630, *et seq.* Plaintiff alleged Defendants violated Cal. Pen. Code § 632.7, California's wiretapping law, by recording phone calls made by Defendants or its agents to Plaintiff and other persons located in the State of California without properly notifying all parties that the calls were being recorded. Plaintiff's FAC, Dkt. 11, at ¶¶ 1-4. After staying at a Holiday Inn Express, Plaintiff received a call from an agent with InterContinental Hotel Groups ("IHG") requesting he participate in a survey. FAC at ¶¶ 22-2. Plaintiff spoke with the agent for approximately one minute before the agent informed Plaintiff the call was being recorded. FAC at ¶¶ 23-24. Plaintiff, surprised to find out he was being recorded, ended the call. FAC at ¶ 24.

Defendants allege that as a Rewards Member, Plaintiff was aware he may receive this type of call and that such call would be recorded due to the "privacy terms" posted

on its websites. Defendants' Motion to Compel Arbitration, or Alternatively, Motion to Dismiss Plaintiff's First Amended Complaint, or Alternatively to Strike Class Allegations, Dkt. 12 ("MTC") at 8-11. Defendants contend that as a Rewards Member, Plaintiff's claim must be arbitrated due to a mandatory arbitration provision included in the "IHG One Rewards Membership Terms and Conditions" (hereinafter "Rewards Terms"). *Id.* While Defendants assert their unlawful recording was directly related to Plaintiff's Rewards Membership, the Rewards Terms do not encompass such invasion of privacy claims, nor do the Rewards Terms, or the Privacy Statement, disclose calls will be recorded. FAC, at ¶¶ 40-42. Accordingly, Plaintiff's claim is outside the scope of the arbitration agreement in the Rewards Terms.

## III. LEGAL STANDARDS

### A. Standard to Compel Arbitration

A court may compel arbitration only when there is a "clear agreement" to arbitrate between the parties. *Davis v. Nordstrom, Inc.,* 755 F.3d 1089, 1092-93 (9th Cir. 2014. Plaintiff does not dispute that a limited arbitration agreement exists under the Program Terms. The issue is whether Plaintiff's claim is within the scope of the Terms. *See Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, (9th Cir. 2000) 207 F.3d 1126, 1131. When determining whether to compel arbitration, the focus of the court is on factual allegations contained in the complaint. *Jackson v. Amazon.com, Inc.,* 65 F.4th 1093, 1101 (9th Cir. 2023).

### B. Standard to Dismiss Under 12(b)(6)

In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, "[t]hreadbare recitals of the elements of a cause of action .

. . do not suffice." *Id.* Courts are not obligated "to accept legal conclusions couched as factual allegations and 'formulaic recitation[s] of the elements of a cause of action' aren't sufficient." *In re Bank of Am. Cal. Unemployment Benefits Litig.*, No. 21-md-2992, 2023 WL 3668535, at *4 (S. D. Cal. May 25, 2023) (quoting *Twombly*, 550 U.S. at 555).

**C. Motion to Strike Class Allegations**

Class allegations are usually scrutinized after a party has filed for class certification. *Brown v. Hain Celestial Group, Inc.*, 913 F. Supp. 2d 881, 888 (N.D. Cal. 2012). "It is true that the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable." *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977). "And, the necessary antecedent to the presentation of evidence is, in most cases, enough discovery to obtain the material, especially when the information is within the sole possession of the defendant." *Id.* Some cases warrant discovery to occur to determine whether a class is maintainable. *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985).

## IV. LEGAL ARGUMENT

**A. Arbitration is Inappropriate because Plaintiff's Claim is Outside the Scope of the Arbitration Agreement**

Plaintiff agrees that the arbitration provision included in the Program Terms is mostly valid and covers "any dispute arising out of or related to the Program or the Program Terms and Conditions." *Privacy Statement*, *Declaration of Mark Shepherd, Defendants' Exhibit B*. However, as argued herein, Plaintiff's claim does not arise from the program, rather, the claim arises from a violation of California penal code.

To illustrate this point, the Ninth Circuit held that a plaintiff's cause of action alleging various invasions of privacy were not subject to broad arbitration provisions, because the employers conduct was completely unrelated to a program containing a broad arbitration provision. *Jackson v. Amazon.com, Inc.,* 65 F.4th at 1103.

In *Jackson,* the Ninth Circuit affirmed the decision to deny Amazon's motion to compel arbitration. *Id.* at 1104. The plaintiff alleged that Amazon unlawfully monitored and wiretapped off-hours communications in closed employee Facebook groups. *Id.* at 1102. The court held that the plaintiff's invasion of privacy claim was not subject to the broad arbitration provision[1] in Amazon's Terms of Service. *Id.* at 1103. The court concluded that the claims arose independently of the contractual relationship defined by the Terms of Service, focusing instead on alleged violations of privacy laws. *Id.* at 1103 ("[t]his class action lawsuit arises from claimed violations of federal and state laws protecting privacy. Jackson's complaint does not allege any provision of the Flex driver contract was violated."). Therefore, the arbitration clause did not apply and the case was allowed to proceed in court.

In accordance with *Jackson*, the issue here is "whether the factual allegations underlying [the claims] are within the scope of the arbitration clause, whatever the legal labels attached to those allegations." *Jackson*, 65 F.4th at 1101 (citing *Mitsubishi Motors Corp.*, 473 U.S. 614, 622, n.9). Like in *Jackson*, Plaintiff's allegations are independent of the contract subject to the arbitration provision because the allegations arise out of breaches of California privacy law. FAC at ¶¶ 23-38. Call recordings and other invasions of privacy are not contemplated by the Rewards Terms. Plaintiff further went on to describe how the claims in the Complaint were independent of the Terms and Conditions which include the arbitration provision. FAC at ¶¶ 39-46. Plaintiff's claims, and the claims of class members, arise wholly out of California penal code, and have no relationship to a contract dispute. Having properly plead an invasion of privacy, Plaintiff can show that the CIPA violation arose independently of the contractual relationship between the parties. The court should follow the precedent set in *Jackson*.

[1] The language of the arbitration provision that the court evaluated was: "'any dispute or claim ... arising out of or relating in any way to this Agreement, including ... participation in the program or ... performance of services.'" *Id.* at 1101. Such language is nearly identical to the language contained in Defendants' arbitration provision. *Cf.* FAC at ¶ 39.

**1. The Terms & Conditions Do Not Disclose Calls Will Be Recorded**

Plaintiff disagrees with Defendants' contention that the "telephone call at issue stems *entirely* from Plaintiff's participation in the IHG One Rewards program." MTC, at 11: 24-27. The Terms do not state that Program Members may receive calls that will be recorded, or that calls will be recorded in general. MTC at 12-14. Defendants point to the Personal Information Chart—the only portion of the Terms or Privacy Statement that mentions call recording. MTC at 14:5-8. However, it is impossible for Defendants to show that either the Privacy Statement or the Rewards Terms contain (i) an explanation of what a "customer care call" is, and (ii) that all such calls *will* be recorded. Such definitions are wholly absent from the agreement, which is an ambiguity that contradicts Defendants' assertion that Plaintiff consented to his call being recorded.

Further, Defendants misstate Plaintiff's claims; Plaintiff at no point seeks to benefit from the Rewards Terms and simultaneously shield himself from such. MTC at 14:8-13. Plaintiff never cites to the Rewards Terms as authority for his claims. For these further reasons, Plaintiff's claim does not fall within the scope of the Program Terms, so the arbitration provision is wholly inapplicable.

**B. Plaintiff Stated a Viable Claim in the Complaint**

A claim for statutory damages under CIPA arises when: (1) a call to a cell phone; (2) is recorded; (3) without the consent of a party to the call. *See Smith v. LoanMe, Inc.*, 11 Cal.5th 183, 202 (2021). Plaintiff raises such allegations in the complaint. FAC ¶¶ 23-28, 32-36. Defendants merely concluded that Plaintiff's complaint warrants dismissal under 12(b)(6) and failed to argue more than the Program Terms release Plaintiff's claims. MTC at 18-19. Therefore, Defendants have not, and cannot, show that Plaintiff has failed to plead facts that plausibly state a viable claim for relief.

**1. Plaintiff Plead Sufficient Damages to Constitute Standing**

Statutory damages suffice when a traditional legal interest has been violated. *See Spokeo, Inc. v. Robins,* 578 U.S. 330 (2016). The Court in *Spokeo* also stated:

> Because the doctrine of standing derives from the case-or-controversy requirement, and because that requirement in turn is grounded in historical practice, it is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts. (citations).
> *Id.* at 340-341.

Here, Plaintiff alleges CIPA violations which have been recognized in the Ninth Circuit as concrete harms. *See*, *e.g.*, *Campbell v. Facebook, Inc.* 951 F.3d 1106, 1118 (2020); *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589, 598 ("Thus, [the Wiretap Act and CIPA] codif[ed] a substantive right to privacy, the violation of which gives rise to a concrete injury sufficient to confer standing."). Thus, Plaintiff has plead concrete harms to constitute standing for purposes of Article III.

**C. Defendants' Arguments for Striking Class Allegations Fail**

**1. The Class Definition is Not Fail-Safe**

"[O]ne of the strongest justifications for the class action device is its regulatory function. *See Bee, Denning, Inc.*, 310 F.R.D. at 630. Violations of CIPA, which aims to "protect[ ] California residents from secret recording," are likely to go unrecognized due to the secretive nature of invasions of privacy. *See Ades v. Omni Hotels Management Corp.*, 46 F.Supp.3d 999, 1009 (C.D.Cal. 2014). "Consequently, the statute is unlikely to achieve optimal deterrence without the prospect of a class action suit designed to vindicate many individual claims at once." *Reyes v. Educ. Credit Mgmt. Corp*, 322 F.R.D. 552, 570 (S.D. Cal. 2017), vacated and remanded to determine proposed class representative standing, 773 F. App'x 989 (9th Cir. 2019).

Defendants argue that Plaintiff's proposed class is fail-safe because it would require the Court to affirmatively establish each individual plaintiff's lack of consent. MTC at 21: 18-20. However, a putative class member would have no way of knowing if the call was being recorded without the legally required notice. Bringing this case as a class action allows many prospective plaintiffs to have their potentially unknown claims be discovered and vindicated at once, achieving the optimal deterrence of conduct that violates CIPA. Further, Defendants' arguments on the question of liability

come after a potential plaintiff joins the class. Plaintiff's proposed class includes all persons who had calls recorded by Defendants. FAC ¶ 50. The question then is whether there was consent to being recorded. Since the question of liability comes after determining class membership, the class is not fail-safe.

**2. The Proposed Class Allegations Contain Commonality**

Rule 23(a)(2) requires there be at least one common question of law or fact to certify a class. A class has sufficient commonality "if there are questions of fact and law which are common to the class" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1988) (quoting Fed. R. Civ. P. 23(a)(2)). Commonality focuses on whether certification will offer a more economical approach to resolving the underlying disputes than would individual litigation. *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 155 (1982). "Plaintiffs need not demonstrate that all questions are common to the class; [as there need only be]…'a common core of salient facts coupled with disparate legal remedies within the class' are present." *Ellis v. Costco Wholesale Corp.*, 285 F.R.D. 492, 506 (N.D. Cal. 2012) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d at 1019-20).

Where questions of law involve "standardized conduct of the defendants towards members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement...is usually met." *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D. Ill. 1984). Class certification is appropriate where the "classwide proceeding [will] generate common *answers* apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350 (quoting Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U.L.Rev. 97, 131–132 (2009)) (emphasis original).

Defendants state that consent is not a "common" question that can be ascertained on a class-wide basis. MTC at 23:4-5. But consent has been held to be a common question that predominated over individual issues for class certification. *See, e.g., Williams v. PillPack LLC,* 343 F.R.D. 201 (2022) (Consent to receiving calls in the

context of TCPA litigation). Additionally, Defendants claim that the question of consent factually involves and requires an individualized inquiry. MTC at 23: 5-7. But such inquiry does not defeat class claims. *See Minns v. Advanced Clinical Emp. Staffing LLC,* No. 13-CV-03249-SI, 2015 WL 3491505, at *8 (N.D. Cal. June 2, 2015) ("[T]he necessity of making individualized factual determinations does not defeat class certification if those determinations are susceptible to generalized proof.").

However, there are still other common questions of law or fact that Plaintiff alleges eg: (i) whether Defendants recorded any calls to Class Members within the statutory time frame; (ii) whether Defendants had a policy of recording calls to Class Members during the relevant time frame; (iii) whether Defendants' policy or practice of recording calls with Class Members constitutes a violation of Cal. Penal Code § 632.7; (iv) whether Plaintiff and the Class Members were damaged thereby, and the extent of damages for such violation; and (v) whether Defendants should be enjoined from engaging in such conduct in the future. FAC ¶ 54. Such questions of law or fact would meet the commonality burden, and these questions go unaddressed in Defendants' Alternate Motion to Strike Class Allegations.

## V. PLAINTIFF IS ENTITLED TO RELIEF IN EQUITY

### A. Plaintiff Has Standing to Obtain Injunctive Relief

Cal. Pen. Code § 637.2 (b), provides for injunctive relief as a remedy for CIPA violations. To obtain injunctive relief, a plaintiff must establish standing specific to each remedy by showing a real and immediate threat of future injury, not just past harm or hypothetical risks. *See D'Angelo v. FCA US, LLC,* 726F.Supp.3d 1179, 1194. A plaintiff must show "a real and immediate threat of repeated injury in the future." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (internal quotations omitted).

As argued above, CIPA violations are concrete harms for purposes of determining standing. The issue then is whether the harm is likely to reoccur. Plaintiff plead that Defendants recorded Plaintiff and putative class members without consent,

and such conduct is imminent and will occur again. FAC at ¶ 48. Defendants assert that no future call can be recorded without Plaintiff's consent. MTC at 23-24. The assertion that every future call will have consent is not supported by California law. *See Kearney v. Salomon Smith Barney, Inc.*, 39 Cal.4th at 118 ("A business that adequately advises all parties to a telephone call, at the outset of the conversation, of its intent to record the call would not violate this provision" (emphasis added).). Injunctive relief is necessary to prevent further CIPA violations by Defendant.

### B. Remedies At Law Are Inadequate

Defendants cite to *Ketayi v. Health Enrollment Grp.*, 516 F. Supp. 3d 1092, 1128 (S.D. Cal. 2021). The court in *Ketayi* held that "[p]laintiffs have not *pleaded* sufficient facts to establish their standing to seek injunctive relief under the [law][,]" because the plaintiffs did not *allege* how they would face a threat of future harm from Defendants. *Id.* at 1129 (italics added). Unlike the plaintiffs in *Ketayi*, Plaintiff has properly alleged and plead the threat of future harms. FAC at ¶ 48. Further, Defendants argue that because Plaintiff seeks statutory damages, Plaintiff and class members have an adequate remedy at law. MTC at 24: 20-21. CIPA itself contradicts this position as it declares that any person may bring an action to enjoin and restrain any of the unlawful conduct and seek statutory damages in the same action. Cal. Pen. Code § 637.2(b).

## VI. CONCLUSION

Defendant has not demonstrated that Plaintiff was bound by the arbitration provision. Rather, Plaintiff has shown that the illegally recorded call was outside the scope of the agreement, and the privacy policy was vague and ambiguous, such that Plaintiff did not have any advance notice of the call recording. Plaintiff has plead concrete damages and has sufficiently plead class allegations that should not be struck. Finally, Plaintiff has demonstrated his request for injunctive relief should not be dismissed because he has standing and inadequate remedies at law.

//

//

Respectfully submitted,

**SWIGART LAW GROUP, APC**

Date: June 25, 2025 By: *s/ Joshua Swigart*
Joshua B. Swigart
Josh@SwigartLawGroup.com
Attorneys for Plaintiff

**SHAY LEGAL, APC**

Date: June 25, 2025 By: *s/ Daniel Shay*
Daniel G. Shay
Dan@ShayLegal.com
Attorneys for Plaintiff