Tyler R. Andrews (SBN CA 250686)
J. Andrew Schaffer (SBN CA 320905)
GREENBERG TRAURIG, LLP
18565 Jamboree Road, Suite 500
Irvine, California 92612
Telephone: 949.732.6500
Facsimile: 949.732.6501
Tyler.Andrews@gtlaw.com
Drew.Schaffer@gtlaw.com

Attorneys for Defendants SIX CONTINENTS HOTELS, INC.; and HOLIDAY INN CLUB VACATIONS INCORPORATED

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID KAUFFMAN, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SIX CONTINENTS HOTELS, INC.; HOLIDAY INN CLUB VACATIONS INCORPORATED,<br><br>Defendants. | CASE NO. 3:25-cv-00424-JLS-DDL<br><br>Assigned to the Honorable Janis L. Sammartino<br><br>**DEFENDANTS SIX CONTINENTS HOTELS, INC. AND HOLIDAY INN CLUB VACATIONS INCORPORATED'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION, OR, ALTERNATIVELY, MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, ALTERNATIVELY, TO STRIKE CLASS ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: July 10, 2025<br>Time: 1:30 p.m.<br>Ctrm: 4D<br><br>Action Filed: February 26, 2025<br>FAC Filed: May 6, 2025 |

# TABLE OF CONTENTS


I. INTRODUCTION ..... 5

II. BACKGROUND ..... 5

III. LEGAL STANDARDS ..... 6

A. Standard to Compel Arbitration ..... 6

B. Standard to Dismiss Under 12(b)(6) ..... 7

C. Standard for Motion To Strike Class Allegations ..... 7

IV. LEGAL ARGUMENT ..... 8

A. Arbitration Is Appropriate Because Plaintiff's Claims Are Directly Within The Scope Of The Arbitration Agreement ..... 8

1. The Terms & Conditions Undeniably Disclose That Calls May Be Recorded ..... 9

B. Plaintiff Failed to State A Viable Claim ..... 10

1. Plaintiff Has Not Pled Concrete Damages To Constitute Standing ..... 10

C. Plaintiff's Class Allegations Fail And Should Be Stricken ..... 11

1. Plaintiff's Class Definition Is Quintessentially Fail-Safe ..... 11

2. The Proposed Class Allegations Fail as There Is No Commonality ..... 12

V. PLAINTIFF IS NOT ENTITLED TO ANY RELIEF – INCLUDING IN EQUITY ..... 14

A. Plaintiff's Claims Fail And Plaintiff Lacks Standing To Obtain Injunctive Relief ..... 14

VI. CONCLUSION ..... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........ 7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........ 7

*Benavidez v. Cnty. of San Diego*,
993 F.3d 1134 (9th Cir. 2021) ........ 7

*Campbell v. Facebook, Inc.*
951 F.3d 1106 (2020) ........ 10, 11

*Cheatham v. ADT Corp.*,
161 F. Supp. 3d 815 (D. Ariz. 2016) ........ 7

*City of Los Angeles v. Lyons*,
461 U.S. 95 (1983) ........ 14

*Davis v. Wells Fargo Advisors LLC*,
No. CV-13-01963-PHX-NVW, 2014 WL 1370278 (D. Ariz. Apr. 8, 2014) ........ 8

*In re Facebook, Inc. Internet Tracking Litigation*,
956 F.3d 589 ........ 10, 11

*In re Gilead Scis. Secs. Litig.*,
536 F.3d 1049 (9th Cir. 2008) ........ 7

*Jackson v. Amazon.com, Inc.*
(9th Cir. 2023) 65 F.4d 1093, 1103 ........ 8

*Mantolete v. Bolger*,
767 F.2d 1416 (9th Cir. 1985) ........ 8

*Sanders v. Apple Inc.*,
672 F. Supp. 2d 978 (N.D. Cal. 2009) ........ 7

*Shearson/Am. Express Inc. v. McMahon*,
482 U.S. 220, 107 S. Ct. 2332, 96 L. Ed. 2d 185 (1987) ........ 9

*Siles v. ILGWU Nat'l Ret. Fund*,
783 F.2d 923 (9th Cir. 1986) .......... 8

*Tice v. Amazon.Com, Inc.*
(9th Cir. 2021) 845 Fed.Appx. 535 .......... 9

*Ticketmaster L.L.C. v. Prestige Ent. W., Inc.*,
315 F. Supp. 3d 1147 (C.D. Cal. 2018) .......... 7

*Williams v. PillPack, LLC*
(W.D. Wash. 2022) 343 F.R.D. 201 .......... 13

**Statutes**

Federal Arbitration Act, 9 U.S.C. §§ 1-16 .......... 6

California Invasion of Privacy Act .......... *passim*

Fair Debt Collection Practices Act .......... 12

**Other Authorities**

Fed. R. Civ. P. 12(f) .......... 7

Fed. R. Civ. P. 23 .......... 7, 8

## I. INTRODUCTION

Plaintiff's claims should be compelled to individual arbitration as they admittedly stem from his participation in the IHG One Rewards Program (the "Rewards Program"). Plaintiff was informed in the Rewards Program's Terms and Conditions (the "Program Terms") that his call *may be* recorded and was further informed that his call *was* being recorded prior to any substantive conversation.

In his opposition to Defendants' Motion to Compel Arbitration or, in the Alternative to Dismiss Plaintiff's Complaint (the "Motion"), Plaintiff makes every effort to avoid arbitration by distancing himself from the Rewards Program and the Program Terms he agreed to – the very same Rewards Program that he expressly links to his claims to in ¶¶ 21-23 of his FAC. If Plaintiff's claims "d[id] not arise out of or relate to Plaintiff's membership in the IHG One Rewards Program" as Plaintiff now states in his Opposition, there would be no need for Plaintiff to rely on such allegations regarding his voluntary membership in the Rewards Program in his FAC.

## II. BACKGROUND

Plaintiff's FAC specifically alleges that he signed up for the Rewards Program, which includes detailed Program Terms and a comprehensive Privacy Statement that members agree to when they sign up. The Program Terms contain a comprehensive arbitration agreement and class action waiver that requires members of the Rewards Program to bring any such complaints deriving from a member's participation in the Rewards Program in individual arbitration. Plaintiff does not challenge the validity or enforceability of the Arbitration Agreement – only its applicability to Plaintiff's claims.

In connection with his membership in the Rewards Program, Plaintiff stayed at a Holiday Inn Express in Brattleboro, Vermont in May 2024.[1] On July 9, 2024, Plaintiff received a customer care call asking him about his stay in Brattleboro, during which Plaintiff was promptly informed the call was being recorded. Plaintiff subsequently ended the call. Plaintiff then brought a Class Action Complaint against Defendants alleging that

[1] Plaintiff was awarded 7,030 rewards points for his stay in Brattleboro, Vermont as part of the IHG One Rewards Program.

Defendants' alleged recording of the July 9, 2024 call violated the California Invasion of Privacy Act ("CIPA"). Plaintiff, a serial litigant, who has unsuccessfully attempted to bring similar CIPA suits against companies such as Home Depot and Papa Johns, seeks to obtain a windfall from Defendants here despite failing to meet the basic elements of a CIPA claim, and failing to suffer *any* concrete damages. Defendants filed an initial Motion to Compel Arbitration or, in the alternative, to dismiss Plaintiff's Complaint, and Plaintiff attempted to cure his pleading defects and filed his FAC. However, the additional allegations in the FAC only reinforce the fact that this entire case stems directly from Plaintiff's voluntary inclusion in the Rewards Program, thus necessitating arbitration. Defendants now file this renewed motion to either compel Plaintiff's claims to individual arbitration or to dismiss the matter in its entirety for failure to state a claim upon which relief can be granted.

## III. LEGAL STANDARDS

### A. Standard to Compel Arbitration

Contrary to the Opposition, nothing about the arbitration agreement at issue is "limited." A "clear agreement" exists between the parties to arbitrate *any dispute* arising out of the Program Terms – which is unquestionably the case here. As Plaintiff's Opposition admits, the only issue before the Court is whether Plaintiff's claim is within the scope of the Program Terms. As the Court in *Chiron Corp v. Ortho Diagnostic Systems, Inc.* held, in determining whether a matter falls within the scope of the parties' agreement to arbitrate, the Court must be "cognizant of the Act's federal policy favoring arbitration agreements: The Arbitration Act establishes that, as a matter of federal law, ***any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration***…" *Chiron* (9th Cir. 2000) 207 F.3d 1126, 1131 (emphasis added). Just as in *Chiron*, the "record here leaves little doubt that the dispute is subject to arbitration" as the parties' arbitration clause is broad and far reaching." Indeed, Plaintiff further admits that the Court must focus on the "factual allegations contained in the complaint" (Opposition, ¶2:19.) And here, Plaintiff's very first factual allegations tie this case directly to the IHG Rewards Program. Accordingly, this matter should be compelled to arbitration on an individual basis.

### B. Standard to Dismiss Under 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This requires "more than a sheer possibility that a defendant has acted unlawfully." Id. "Threadbare recitals of the elements of a cause of action . . . do not suffice." Id. Nor do conclusory statements that "merely track[] the language of the statute[s] [themselves], without providing facts to substantiate the claimed legal conclusions." *Ticketmaster L.L.C. v. Prestige Ent. W., Inc.*, 315 F. Supp. 3d 1147, 1175 (C.D. Cal. 2018); accord *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1145 (9th Cir. 2021). Rather, the factual content alleged "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In deciding a motion to dismiss, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit," or "that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

### C. Standard for Motion To Strike Class Allegations

A court "may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Rule 12(f) requires the Court to accept the non-moving party's well-pleaded facts as true and to draw all reasonable inferences in favor of that party." *Cheatham v. ADT Corp.*, 161 F. Supp. 3d 815, 834 (D. Ariz. 2016) (*citing Farm Credit Bank of Spokane v. Parsons*, 758 F. Supp. 1368, 1371 n.4 (D. Mont. 1990)). "Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike the class allegations prior to discovery." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009); *see also Cheatham*, 161 F. Supp. 3d at 834 (stating class allegations may be stricken when "it is clear from the face of the complaint that no class can be certified").

To maintain a class action, a plaintiff must satisfy the requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy of representation—and at least one.

subsection of Rule 23(b). Implied in Rule 23 is the requirement that, in order for a class to be certified, the class must be ascertainable. *Davis v. Wells Fargo Advisors LLC*, No. CV-13-01963-PHX-NVW, 2014 WL 1370278 (D. Ariz. Apr. 8, 2014). Plaintiff bears the burden of advancing a prima facie showing that the class action requirements in Rule 23 are satisfied or that discovery is likely to produce substantiation of the class allegations. *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985). Conclusory allegations and speculation are insufficient to meet this burden. *Siles v. ILGWU Nat'l Ret. Fund*, 783 F.2d 923, 930 (9th Cir. 1986).

## IV. LEGAL ARGUMENT

### A. Arbitration Is Appropriate Because Plaintiff's Claims Are Directly Within The Scope Of The Arbitration Agreement

Plaintiff's Opposition concedes that the arbitration provision included in the Program Terms is valid, and that the law requires that it be construed broadly (*Chiron, supra* (9th Cir. 2000) 207 F.3d 1126, 1131.) However, Plaintiff incorrectly argues that the claim does not arise from the Program. This argument ignores that *Plaintiff himself* ties his claims to the Program in his FAC – before furiously backpedaling in his Opposition to save the case from being compelled to arbitration. Specifically, in ¶ 23 of his FAC, Plaintiff states that "an agent with 'IHG Brands' called Plaintiff and asked him to participate in a survey…and they began *discussing Plaintiff's membership in the IHG Reward Program*."

Plaintiff's reliance on the holding in *Jackson v. Amazon.com, Inc.* (9th Cir. 2023) 65 F.4d 1093, 1103 does not help Plaintiff's argument. The facts in *Jackson* are distinct in that in *Jackson* the plaintiff's claims are completely outside the bounds of the arbitration agreement. In *Jackson*, Amazon tried to tie the allegations that it was unlawfully monitoring and wiretapping employee off-hours communications on Facebook groups to the Amazon driver terms of service. Such actions of off-duty employees *in no way* apply to the terms of service of *on-duty* Amazon drivers. Here, the allegations deal directly with a call *about* the IHG Rewards Program (as pled by Plaintiff) where Plaintiff was informed that the call may be monitored and recorded and was *actually informed* that the call was being recorded.

Plaintiff's comparison here is inapplicable.

As Defendants stated in the Motion, call recordings are directly contemplated by the Rewards Terms – and any "other invasions of privacy" are not at issue in Plaintiff's FAC. Further, Plaintiff's argument that his "claims…arise wholly out of California penal code…" has no bearing on the arbitrability of the claim. In fact, the Court in *Tice v. Amazon.com, Inc.* rejected this very argument, holding that "[t]o the extent that the district court held that Tice's CIPA claim was not subject to arbitration because Amazon's conduct was purportedly 'criminal in nature,' this reasoning was erroneous. Tice alleged civil claims and sought civil remedies under the CIPA, and arbitrators are not precluded from considering whether such claims are subject to arbitration." *Tice v. Amazon.Com, Inc.* (9th Cir. 2021) 845 Fed.Appx. 535, 537. *See also Shearson/Am. Express Inc. v. McMahon*, 482 U.S. 220, 239-40, 107 S. Ct. 2332, 96 L. Ed. 2d 185 (1987). Plaintiff brings this *civil action* seeking *civil remedies*, and therefore Plaintiff's claims are arbitrable.

### 1. The Terms & Conditions Undeniably Disclose That Calls May Be Recorded

As stated in Defendants' Motion, the Privacy Statement – which is part of the Rewards Terms & Conditions – advises members that Customer Care calls may be recorded. Further, Plaintiff's own Complaint cites to the Customer Care section *and* the Privacy Statement that Plaintiff now seeks to distance himself from. Plaintiff's argument that the Privacy Statement must specifically explain or define *what* a customer care call is and/or that it *will* be recorded are both red herrings. Plaintiff cites to no law that supports his position that these novel *ad hoc* requirements must be met in order for Plaintiff to be on notice that the call *may* be recorded. In fact, the section that discloses that Customer Care calls may be recorded is under the bolded section **"U.S. STATE CONSUMER RIGHTS"** and the specific sub-section titled: **"Personal Information We Collect and How We Use and Disclose It."** There is no ambiguity that the "category of personal information" being collected is "…**audio recordings of customer care calls**", and that the "purpose[] for collection, use, and disclosure" is "to protect your rights and interests as well as the rights

and interests of other guests." The clear terms of the Privacy Statement put Plaintiff on notice that calls such as the one he allegedly received on July 9, 2024 may be recorded.

Finally, Plaintiff's continued assertion that he "at no point seeks to benefit from the Reward Terms" is similarly erroneous. The *entire purpose* of signing up for the Rewards Program – or any rewards program – is to receive value from its associated benefits. Plaintiff's stay at the Holiday Inn Express in Brattleboro, Vermont entitled Plaintiff to a certain number of rewards points – the accumulation of which present Plaintiff (and other IHG Rewards members) with incentives and perks – all benefits of the program. Plaintiff cannot credibly disclaim the very benefits he sought by signing up for the Rewards Program simply because he chose to file another frivolous CIPA class action. Plaintiff's arguments are unsupported, internally inconsistent, and should be rejected.

**B. Plaintiff Failed to State A Viable Claim**

Plaintiff once again tries to correct his failure to meet the third – and critical – element of his CIPA claim: consent. Defendants did far more than just "argue…the Program Terms release Plaintiff's claims." In fact, Defendants demonstrated that Plaintiff, through his membership in the Rewards Program, freely consented to the recording of customer care calls. Plaintiff raised the issue of his membership in the Rewards Program in his FAC. Plaintiff raised the issue of the Terms and Conditions, Customer Care, and the Privacy Statement in his FAC. Plaintiff cannot now avoid the clear implications of his own agreements and his own pleadings. Indeed, Defendants have demonstrated that such membership and assent to the Program Terms leads to the failure of the third element of Plaintiff's CIPA claim, and Plaintiffs' Opposition offers no credible argument to the contrary.

**1. Plaintiff Has Not Pled Concrete Damages To Constitute Standing**

Plaintiff has not demonstrated any concrete harm here, and Plaintiff's mere cites to *Campbell v. Facebook, Inc.* 951 F.3d 1106, 1118 (2020) and *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589, 598, without anything more, add nothing to further

Plaintiff's argument that he has pled concrete damages. The facts in *Campbell* and in *In re Facebook, Inc.* are distinguishable as they address scenarios where individuals' private information was stored and utilized by the companies in ways that legitimately harmed the respective plaintiffs by targeting then with certain advertising and building consumer profiles on them without permission. Here, Plaintiff claims no such harm. Nor can he. Indeed, here Plaintiff was on notice that his call may be recorded (through the Terms), was later told that his call *was* being recorded, and Plaintiff makes no allegation as to how the recorded call was or even *might be* used to cause any concrete harm to Plaintiff whatsoever. Accordingly, Plaintiff's claims should be dismissed for failure to allege any specific cognizable damage. Instead, Plaintiff – a serial CIPA litigant – thought he recognized another opportunity to strike an unsuspecting company with meritless allegations. As demonstrated in the Motion it is clear that Plaintiff's claims should once again fail.

### C. Plaintiff's Class Allegations Fail And Should Be Stricken

#### 1. Plaintiff's Class Definition Is Quintessentially Fail-Safe

Plaintiff's Opposition contains two incredulous arguments. First, Plaintiff's Opposition contends that the proposed class (overbroadly) "includes all persons who had calls recorded by Defendants." (Opposition, 7:1-2.) If that were the proposed class, then Defendants agree that the *highly individualized* question of consent as to each person who had their call recorded would be a liability determination *following* class membership and that the class as defined would not be fail-safe. But that is not how Plaintiff's proposed class is defined. Instead, it consists of "[a]ll persons in California whose cellular telephone conversations **<u>were recorded without their consent</u>** . . . ." (FAC ¶ 50 (emphasis added).) Indeed, that the Opposition attempts to rewrite the proposed class to omit this language only confirms that it cannot stand as written.

Second, Plaintiff claims that "a putative class member would have no way of knowing if the call was being recorded without the legally required notice." Here again, Plaintiff's Opposition runs counter to his own allegations. In the FAC, Plaintiff **<u>admits</u>** that he was

provided with notice. (FAC ¶ 24.) To the extent Plaintiff wishes to debate *when* each putative class member was notified, that again raises an inherently individualized question that will prevent class certification and does not alter the fact that Plaintiff admits he received the requisite notice.

If anything, Plaintiff's arguments demonstrate exactly why the fail-safe class must be stricken. In *In re Google RTB Consumer Privacy Litigation*, a recently decided case in the Northern District of California concerning a purported CIPA class, the court determined that embedding liability questions into the class definition rendered the class fail-safe because it infused the class certification determination with issues of liability that would exclude individuals from the class that would not prevail—and thus contrastingly not be bound by any adverse judgment. 2024 WL 2242690 at * (N.D. Cal. Apr. 4, 2024) (identifying the problem with fail-safe classes as "one that is defined so that whether a person qualifies as a member depends on whether the person has a valid claim" and agreeing that "as written, the class definition is fail safe"). And in the analogous FDCPA case of *Thomasson v. GC Services Limited Partnership*, in which the plaintiff alleged that defendant failed to warn call members that their calls may be monitored, the Ninth Circuit Court of Appeals determined that establishing liability for the claims at issue "would require an individualized inquiry into hundreds of phone calls in order to determine whether and when any warning was given in each call." 539 F. App'x 809, 810 (9th Cir. 2013). Because the Court could not do so, the Ninth Circuit reversed the district court and determined the class was not certifiable. *Id.* at 810-811.

Here, if this matter were to move forward but *before any class could be certified*, each individual plaintiff would nevertheless have to establish their individualized *lack of consent.* This is precisely the type of fail-safe issue and individualized inquiry that is not suitable for class treatment—whether under CIPA, the FDCPA, or the TCPA.

**2. The Proposed Class Allegations Fail as There Is No Commonality**

The only thing common about the potential claims of the putative class members is that each and every one of them agreed to the Program Terms and the Privacy Statement,

and therefore their claims would fail for the same reasons as Plaintiff's. Aside from that one common fact, Plaintiff is left with only a timing issue as to when (not whether) *actual* consent was or was not provided. This is inherently an uncommon and individualized question. In the *Williams* case that Plaintiff cites (*Williams v. PillPack, LLC* (W.D. Wash. 2022) 343 F.R.D. 201), the numbers and information of the putative class members receiving calls was provided to PillPack, LLC *from another company*, and therefore no consent was provided for the call. Further, the recipients of those calls were not provided with any notification or opportunity to consent to the recording of those calls. By Plaintiff's own admissions, this case presents an entirely different scenario in which the calls at issue were based on Plaintiff's own membership in the Rewards Program, and in which the caller specifically notified Plaintiff that the call was indeed being recorded, prompting Plaintiff to terminate the call. Accordingly, the consent issue in the *Williams* case is fundamentally different from the consent issue in the instant matter and should be disregarded.

Plaintiff's attempt to conjure up "common questions of law" are equally unconvincing, as they all are either invalided on the basis of Plaintiff's own allegations in his Complaint (e.g. (i) "whether Defendants recorded any calls to Class Members within the statutory time frame" is irrelevant because the Program Terms expressly allow it, (ii) "whether Defendants had a policy of recording calls to Class Members during the relevant time frame" is irrelevant because the policy specifically allows it, (iii) "whether Defendants' policy or practice of recording calls with Class Members constitutes a violation of [CIPA]" can be decided on the pleadings as the third element is not met, and (iv) and (v) go to damages which are irrelevant because Plaintiff fails to meet the elements of a CIPA violation). As such, each of these "questions" of law or fact are addressed and refuted and Plaintiff's claims fail to meet the Commonality requirement and should be dismissed.

/ / /

/ / /

/ / /

/ / /

## V. PLAINTIFF IS NOT ENTITLED TO ANY RELIEF – INCLUDING IN EQUITY

### A. Plaintiff's Claims Fail And Plaintiff Lacks Standing To Obtain Injunctive Relief

As set forth above, Plaintiff does not assert any concrete harm, and his claims should be dismissed on that basis alone. As such, there is no concern about reoccurrence. Plaintiff had notice that his calls may be recorded when he entered into the Program Terms and Privacy Statement and was admittedly further informed on the call – after only a minimal amount of time– that the call would be recorded. Because Plaintiff and any putative class members provided consent by default, it is impossible to provide the injunctive relief that Plaintiff requests – a requirement that already obtained consent must be re-obtained. Moreover, courts have consistently held that past exposure to an alleged unlawful practice is insufficient to confer standing for injunctive relief absent a "real and immediate threat" of future harm. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Plaintiff alleges no facts indicating future interaction with Defendants that would justify such relief. Plaintiff's arguments are nonsensical, and Plaintiff's claims must be dismissed.

## VI. CONCLUSION

Defendants have affirmatively demonstrated that Plaintiff is bound by the comprehensive arbitration provision contained in the Program Terms. The facts demonstrate that the arbitration provision and class action wavier apply to the call at issue, as the call precipitated from the very Rewards Program that Plaintiff signed up to obtain a benefit from (and did receive a benefit from his stay in Brattleboro, Vermont). Plaintiff's participation in the program subjects him to all terms – including notification that customer care calls may be recorded *and* that any claims he may have against Defendants are subject to arbitration. Plaintiff, a serial CIPA litigant, decided to file this speculative action knowing full well that his claims were barred by the very contractual provisions he cited to, but now seeks to avoid. Accordingly, the Court should order Plaintiff's claims to individual arbitration pursuant to the agreement that Plaintiff entered with Defendants and dismiss this

matter. Alternatively, the Court should dismiss Plaintiff's claims in their entirety for failure to state a claim.

DATED: July 3, 2025 GREENBERG TRAURIG, LLP

By */s/ J. Andrew Schaffer*
Tyler R. Andrews
J. Andrew Schaffer
Attorneys for Defendants SIX CONTINENTS HOTELS, INC.; and HOLIDAY INN CLUB VACATIONS INCORPORATED