UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KAUFFMAN, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SIX CONTINENTS HOTELS, INC. and HOLIDAY INN CLUB VACATIONS INCORPORATED, <br><br> Defendants. | Case No.:  25-CV-424 JLS (DDL) <br><br> **ORDER GRANTING MOTION TO COMPEL ARBITRATION** <br><br> (ECF No. 12) |

Presently before the Court is Defendants Six Continents Hotels, Inc.'s and Holiday Inn Club Vacations Incorporated's (collectively, "Defendants") Motion to Compel Arbitration, or, Alternatively, Motion to Dismiss Plaintiff's First Amended Complaint or, Alternatively, to Strike Class Allegations ("Mot.," ECF No. 12).  Also before the Court is Plaintiff David Kauffman's ("Plaintiff") Response in Opposition to Defendants' Motion to Compel Arbitration, Alternative Motion to Dismiss Plaintiff's First Amended Complaint, and Alternative Motion to Strike Class Allegations ("Opp'n," ECF No. 14) and Defendants' Reply in Support of Motion ("Reply," ECF No. 15).  After reviewing Plaintiff's First Amended Complaint ("FAC," ECF No. 11), the Parties' arguments, and the law, the Court **GRANTS** Defendants' Motion (ECF No. 12).

1

## BACKGROUND

This case arises out of a one-minute phone call made by Defendants' third-party vendor to conduct a follow-up survey of IHG One Rewards member, Plaintiff, after a stay at an IHG branded property.  FAC ¶¶ 20–24.  In 2021, Plaintiff joined the IHG One Rewards program offered by Six Continents Hotels, Inc., and its subsidiaries and affiliates—all of which are InterContinental Hotels Group companies. *Id.* ¶ 20.  Defendant, Holiday Inn Club Vacations Incorporated, participates in the IHG One Rewards program. *Id.* ¶ 21.  In May of 2024, Plaintiff stayed at a Holiday Inn Express in Brattleboro, Vermont. *Id.* ¶ 22.  After this stay, Plaintiff received an email from IHG Hotels & Resorts asking for feedback. *Id.*  "On July 9, 2024, an agent with 'IHG Brands' called Plaintiff and asked him to participate in a survey." *Id.* ¶ 23.  "Plaintiff reluctantly agreed to participate in the survey, and they began discussing Plaintiff's membership in the IHG [One] Rewards Program." *Id.*  About a minute into the phone call, the caller "informed Plaintiff that Defendants were recording the call, at which point Plaintiff felt deceived and ended the call." *Id.* ¶ 24.  Plaintiff alleges that during the first minute of conversation there was no warning that the call was being recorded—thus constituting a violation of California Penal Code § 632.7(a). *Id.* ¶¶ 26–30.  California Penal Code § 632.7(a)—the California Invasion of Privacy Act ("CIPA")—allows a private cause of action against the unauthorized recording of cellular communications without the consent of the other party.[1]

For Plaintiff to join the IHG One Rewards program, he had to accept the IHG One Rewards Membership Terms and Conditions ("Terms") and read and accept the Privacy Statement.[2]  Mot. at 9.  Plaintiff accepted the Terms online on July 7, 2021, on the IHG

---

[1] California Penal Code § 637.2 states that "[a]ny person who has been injured by a violation of [§ 632.7] may bring an action against the person who committed the violation for the greater of the following amounts: (1) Five thousand dollars ($5,000) per violation. (2) Three times the amount of actual damages, if any, sustained by the plaintiff."  Section 637.2(b) also permits a plaintiff to bring injunctive relief to "enjoin and restrain any violation of this chapter."

[2] The Court takes judicial notice of Defendants' Membership Terms and Conditions ("Terms," Shepherd Decl., Ex. A) as their authenticity is not disputed by either party nor subject to reasonable dispute. *See Barnes v. Marriott Hotel Servs., Inc.*, 2017 WL 635474, at *4 (N.D. Cal. Feb. 16, 2017) (taking judicial

25-CV-424 JLS (DDL)

website when he created his IHG One Rewards account, and "agreed that by continuing his membership in the Program, he agreed to changes and updates to the terms during his membership." Mot. at 9 (citing Shepherd Decl. ¶ 3). The Terms contain an arbitration provision in § 9 that provides in part:

> 9. **Arbitration**: Except with respect to any claim or dispute involving the ownership, validity, or use of any IHG trademarks or service marks, and to the extent permitted by applicable law, *any dispute arising out of or related to the Program or the Program Terms and Conditions*, seeking as relief money damages or Points and/or attorneys' fees or other damages ("Covered Claims") will be submitted for arbitration to the American Arbitration Association (AAA). IHG shall have the right in a proper case to obtain temporary restraining orders, temporary preliminary injunctive relief, and/or declaratory relief (other than declarations with respect to the amount of money damages) from a court of competent jurisdiction.

Terms § 9 (emphasis added) (the "Arbitration Agreement").

Defendants bring the current Motion arguing, first, that Plaintiff is bound by the Arbitration Agreement; second, if the Court finds the Arbitration Agreement unenforceable, that the FAC fails to state a claim or allege concrete damages; third, Plaintiff's class allegations fail; and fourth, that Plaintiff lacks standing to bring injunctive relief. *See generally* Mot.

## DISCUSSION

The Court first addresses Defendants' arguments regarding standing, then will address whether the claims are subject to arbitration.

## I. Standing

Defendants argue that Plaintiff has failed to plead any concrete damages, and therefore, lacks standing to bring his damage-based claims. Mot. at 19–20. Defendants also argue that Plaintiff lacks standing for his injunctive relief because he has failed to

---

notice of information found on Marriott's website as it was not in dispute or subject to reasonable dispute); *Matthews v. Nat'l Football League Mgmt. Council*, 688 F.3d 1107, 1113 n.5 (9th Cir. 2012) (taking judicial notice of statistics on the NFL's website).

25-CV-424 JLS (DDL)

demonstrate a "real or immediate threat that [he] will be wronged again—a 'likelihood of substantial and immediate irreparable injury.'" *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)).

"Article III of the Constitution confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). To establish standing, a plaintiff must show "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). At the pleading stage, "the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Spokeo, Inc. v. Robbins*, 578 U.S. 330, 338 (2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

### A. Statutory Damages

Defendants argue that Plaintiff lacks standing because his only alleged injury is that he was "completely unaware he was being recorded until the end of the call"—which lasted about a minute. Mot. at 19 (quoting FAC ¶ 48). Plaintiff argues that statutory damages suffice when a traditional legal interest has been violated. Opp'n at 11 (citing *Spokeo, Inc.*, 578 U.S. at 340–41). The Court agrees with Plaintiff.

"Various intangible harms can . . . be concrete." *TransUnion LLC*, 594 U.S. at 425. "Chief among them are injuries with a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts." *Id.* (citing *Spokeo, Inc.*, 578 U.S. at 340–41). The Ninth Circuit has found that "[t]he harms protected by [CIPA] bear a 'close relationship' to ones that have 'traditionally been regarded as providing a basis for a lawsuit.'" *Campbell v Facebook*, 951 F.3d 1106, 1117 (9th Cir. 2020) (quoting *Spokeo, Inc.*, 578 U.S. at 340–41). Thus, CIPA "codif[ies] a substantive right to privacy, the violation of which gives rise to a concrete injury sufficient to confer standing." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 598 (9th Cir. 2020) (citing *Campbell*, 951 F.3d at 1117). Therefore, Plaintiff has standing to bring his CIPA damages claim.

/ / /

**B. Injunctive Relief**

Defendants then argue that Plaintiff lacks standing to seek injunctive relief because "Plaintiff does not and cannot allege that he will receive a call from Defendants again without knowing about Defendants' recording policy and/or that Defendants will not advise of the call recording at the outset of any subsequent call." Mot. at 23. Further, since "Plaintiff knows about the recording practices, he cannot possibly allege that any future call would be recorded without his consent." *Id.* at 23–24. Plaintiff argues that the harm is imminent and will occur again because every future phone call will not be guaranteed to have Plaintiff's consent since Defendants did not advise "at the outset of the conversation" that it was being recorded. Opp'n at 14.

To establish standing for injunctive relief, Plaintiff must show "either 'continuing, present adverse effects' due to [his] exposure to [Defendants'] past illegal conduct or 'a sufficient likelihood that [he] will again be wronged in a similar way.'" *Campbell*, 951 F.3d at 1119–20 (quoting *Villa v. Maricopa Cty.*, 865 F.3d 1124, 1129 (9th Cir. 2017)); *see also Lyons*, 461 U.S. at 111. Standing for prospective injunctive relief cannot rest solely on "[p]ast exposure to illegal conduct." *O'Shea*, 414 U.S. at 495–96. "Allegations that a defendant's conduct will subject unnamed class members to the alleged harm is insufficient to establish standing to seek injunctive relief on behalf of the class." *Matera v. Google Inc.*, No. 15-CV-4062-LHK, 2016 WL 5339806, at *15 (citing *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1044–45 (9th Cir. 1999)). If both Parties consent to the communication, Plaintiff would lack standing because Plaintiff would not be under "real and immediate threat of repeated injury in the future." *Id.* at *16.

Here, the Court agrees with Defendants that Plaintiff has not sufficiently alleged that he will be harmed in the same way again. Plaintiff is on notice that Defendants record phone calls for surveys, and thus, implicitly consents to any future recording. *See NEI Contr. & Eng'g, Inc. v. Hanson Aggregates Pac. Southwest, Inc.*, No. 12-CV-1685-BAS(JLB), 2016 WL 4886933, at *6 (S.D. Cal. Sept. 15, 2016) (finding lack of standing for CIPA injunctive relief because plaintiff had previously heard the warning that the call

would be recorded and if a call happened again, plaintiff "would know, and thus impliedly consent, that its telephone call would be recorded"). The Court is not persuaded by Plaintiff's argument that his future consent is not guaranteed because, based on Plaintiff's allegations, in the past Defendants did not ask for consent at the very outset of the call. Opp'n at 14. Prospective standing cannot be established based on past conduct. *See O'Shea*, 414 U.S. at 495–96. Therefore, Plaintiff's claim for injunctive relief is **DISMISSED** for lack of standing.

## II.    Arbitration

Defendants also argue that "[t]he American Arbitration Association has personal and subject matter jurisdiction over this dispute based on the Terms." Mot. at 17. The Arbitration Agreement, which Plaintiff admits he agreed to, applies to "any dispute arising out of or related to the Program or the Program Terms and Conditions." *Id.* (quoting Terms § 9). Plaintiff "agrees that the arbitration provision included in the Program Terms is mostly valid" but argues that "Plaintiff's claim does not arise from the program, rather, the claim arises from a violation of California penal code." Opp'n at 8.

The Federal Arbitration Act ("FAA") governs the enforceability of arbitration agreements in contracts. *See* 9 U.S.C. § 1, *et seq.*; *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24–26 (1991). Reflected in the FAA are both a "liberal federal policy favoring arbitration" and the "fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (first quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); and then quoting *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010)).

In deciding whether a case is properly arbitrable, courts must generally "determine two 'gateway' issues: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002)). Courts generally resolve those issues by "apply[ing] ordinary state-law principles that govern the formation of contracts." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938,

25-CV-424 JLS (DDL)

944 (1995); *see also* 9 U.S.C. § 2. If the answer to both questions is yes, a court must enforce the agreement and compel arbitration. *See, e.g.*, *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004). Doubts regarding the scope of an agreement must be resolved in favor of arbitration. *See Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 62 (1995).

Plaintiff "does not dispute that a limited arbitration agreement exists under the Program Terms." Opp'n at 7. Plaintiff only contests "whether Plaintiff's claim is within the scope of the Terms." *Id.* Thus, the Court will only consider whether the Arbitration Agreement covers the dispute.

Plaintiff argues that the CIPA violation "arose independently of the contractual relationship between the [P]arties" because Plaintiff's claims arose wholly out of the California penal code.[3] *Id.* at 9. Defendants argue that "Plaintiff unambiguously ties the call that he received to the IHG One Rewards program." Mot. at 17. In the FAC, Plaintiff alleges that IHG Hotels & Resorts sent him an email for feedback after his stay at a Holiday Inn Express in Brattleboro Vermont in May of 2024. FAC ¶ 22. Plaintiff then alleges that on July 9, 2024, "an agent with 'IHG Brands' called Plaintiff and asked him to participate in a survey," and they "began discussing Plaintiff's membership in the IHG Reward Program." *Id.* ¶ 23. Further, the Terms that Plaintiff agreed to "twice specifically address and outline how Plaintiff's IHG One Rewards program membership may result in his

---

[3] Plaintiff relies on *Jackson v. Amazon.com, Inc.*, 65 F.4th 1093 (9th Cir. 2023) for the proposition that the claims in this case arose independent of the contractual relationship defined by the Terms. Opp'n at 9. The Court finds this reliance misplaced. The facts of *Jackson* are distinguishable from the current case. In *Jackson*, the Ninth Circuit rejected Amazon's argument that its unlawful monitoring of its driver's private Facebook groups off hours was a dispute covered by an arbitration agreement. *Jackson*, 65 F.4th at 1096. The Court found that this unlawful monitoring did not fall under the arbitration agreement because it was unrelated to the underlying driver terms of service because this off-duty monitoring was in no way related to the agreement. *Id.* at 1102. Here, the call at issue was directly contemplated in the Terms at § 15 and was entirely related to membership in the IHG One Rewards program. Reply at 8–9. Therefore, Defendants alleged misconduct has a direct relationship to the underlying contractual agreement. *See Jackson*, 65 F.4th at 1104.

receipt of the calls in question." Mot. at 12 (citing Terms §§ 15, 40).[4]

The Court agrees with Defendants that the "recorded telephone call at issue stems *entirely* from Plaintiff's participation in the IHG One Rewards program." Mot. at 11. As discussed above, any doubts regarding the scope of an agreement must be resolved in favor of arbitration. *See Mastrobuono*, 514 U.S. at 62. "To require arbitration, [Plaintiff's] factual allegations need only 'touch matters' covered by the contract containing the arbitration clause . . . ." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 624 n.13 (1985)). Based on Plaintiff's own allegations in the FAC, the call at issue flowed directly from Plaintiff's membership in the IHG One Rewards program, was about Plaintiff's participation in the program, was conducted by an IHG agent, and was about Plaintiff staying at one of the program's affiliated hotels. *See* FAC ¶¶ 22–25. Therefore, the Arbitration Agreement covers the dispute.

The Court concludes that the Arbitration Agreement is valid, and the dispute at issue is covered by the Arbitration Agreement. *See Brennan*, 796 F.3d at 1130 (citing *Howsam*, 537 U.S. at 84). Therefore, the Court must compel arbitration. *See, e.g.*, *Lifescan, Inc.*, 363 F.3d at 1012.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[4] Section 15 states in relevant part: "Such third parties or IHG may contact you by mail, fax, telephone, email or SMS. In addition, IHG may offer you a benefit in the form of an opportunity to receive information on goods or services that may be of interest or value to you . . . ." Section 40 states in relevant part—when discussing available promotions—that "[m]any of these promotions are only available to Program Members who receive a specific, targeted communication from IHG" and these promotions "are governed by these Terms and Conditions."

25-CV-424 JLS (DDL)

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendants' Motion to Compel Arbitration, or, Alternatively, Motion to Dismiss Plaintiff's First Amended Complaint or, Alternatively, to Strike Class Allegations (ECF No. 12) and **COMPELS** arbitration pursuant to the Arbitration Agreement. The Court **STAYS** this action pending completion of the arbitration proceedings. The Court **VACATES** any pending deadlines. The Parties **SHALL FILE** a joint status report within <u>thirty (30) days</u> of the completion of the arbitration proceedings.

**IT IS SO ORDERED.**

Dated: February 5, 2026

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

25-CV-424 JLS (DDL)